359 So.2d 863 (1978)
THE FLORIDA BAR, Petitioner,
v.
Frank CLARK, III, Respondent.
No. 53642.
Supreme Court of Florida.
May 31, 1978.
James P. Hollaway, Asst. Staff Counsel, Tallahassee, for petitioner.
Frank Clark, III, in pro. per., for respondent.
*864 PER CURIAM.
Respondent, a suspended member of The Florida Bar,[*] seeks reinstatement to the active practice of law pursuant to the Florida Bar Integration Rule, Article XI, Rule 11.11. A hearing was held before a Bar referee, who made findings of fact and submitted a report and recommendation. The referee found that respondent has demonstrated by a preponderance of the evidence that he meets the requirements for reinstatement and has shown his fitness to resume the practice of law. These findings are amply supported by the testimony in the record and are hereby approved and adopted. But the referee, nevertheless, recommended against reinstatement since respondent, having been convicted of a felony in federal court, has not had his civil rights restored. The referee expressed the opinion that it would be an anomalous situation to have an attorney entitled to practice before judges for whom he is not qualified to vote and juries upon which he is not qualified to sit.
Respondent filed a statement in opposition to the referee's report. He points out that no decision of this Court has held that a suspended attorney who has been convicted of a felony must receive a pardon or restoration of civil rights before being reinstated.
The Board of Governors of The Florida Bar has made its recommendation. It urges that we deny the petition, arguing that restoration of civil rights should be a prerequisite to the resumption of the practice of law regardless of whether the disciplined attorney was disbarred or suspended.
It is true that a pardon or restoration of civil rights after a felony conviction has only been held specifically required in cases of first-time applicants and attorneys that have been disbarred. Perhaps the absence of a rule of decision holding such to be necessary for reinstatement of a suspended attorney is due to the fact that disbarment is the more customary form of discipline for a lawyer convicted of a felony. We now hold that restoration of civil rights following a felony conviction is a necessary prerequisite to obtaining the privilege of practicing law, whether one be a suspended attorney, a disbarred attorney, or a first-time applicant for admission to the Bar.
We therefore deny respondent's request for reinstatement. We do so without prejudice to his right to petition again when his civil rights have been restored, notwithstanding the provision of Rule 11.11(11). Execution is directed to issue for the costs of these proceedings against the respondent in the amount of $14.50.
It is so ordered.
OVERTON, C.J., and BOYD, HATCHETT and ALDERMAN, JJ., concur.
ENGLAND, J., dissents.
NOTES
[*] Respondent was suspended November 19, 1975. The Florida Bar v. Clark, 323 So.2d 579 (Fla. 1975).