PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and the uncontested report of the referee. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee found respondent guilty of violating Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law) of The Florida Bar Code of Professional Responsibility. The referee recommended that respondent be suspended from the practice of law for three years nunc pro tunc December 13, 1983 (the date of his interim suspension), and thereafter until he has proven his rehabilitation as provided in article XI, Rule 11.10(4), of the Integration Rule of The Florida Bar, and that respondent be required to pass the ethics portion of The Florida Bar examination prior to his reinstatement.
We approve the referee’s findings and recommendations. Respondent is hereby suspended from legal practice in this state for a minimum of three years nunc pro tunc December 13, 1983.
Judgment for costs in the amount of $150 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, SHAW and BARKETT, JJ., concur.
EHRLICH, J., dissents with an opinion.
EHRLICH, Justice,
dissenting.
Respondent pled guilty to the charge of conspiracy to commit mail fraud, which is a felony under federal law. I am of the opinion that the proper discipline is disbarment, although I recognize that respondent, if disbarred, could apply for readmission after three years and that as a practical matter, the time period is the same as that provided by the Court. The big difference, in my opinion, is this. The Court’s *275 judgment requires respondent to pass the Ethics portion of The Florida Bar examination prior to his reinstatement. If disbarred, he would have to pass all parts of The Florida Bar examination. It appears to me that a three-year absence from the practice of law requires no less.
Even if the three year suspension which the Court imposes be a proper discipline, I am of the opinion that respondent should be required to pass all parts of The Florida Bar examination before being permitted to return to the practice.
I would, therefore, pursuant to Integration Rule 11.09(f), direct the parties to submit briefs directed to the suitability of the disciplinary measure recommended by the referee.