ADKINS (Ret.), Justice.
William E. Whitlock, III, petitions this Court for reinstatement of membership to The Florida Bar. Petitioner was suspended for three years and thereafter until rehabilitation was proven for three counts of mishandling clients’ trust funds. The Florida Bar v. Whitlock, 426 So.2d 955 (Fla.1982). Petitioner was later suspended for one year to run concurrent with his prior suspension, and ordered to pass the ethics portion of the Bar exam prior to reinstatement. The second order of suspension was a result of Whitlock’s handling of a real estate transaction. The Florida Bar v. Whitlock, 484 So.2d 1244 (Fla.1986).
A referee appointed by this Court pursuant to Rule 11.11 of The Florida Bar Integration Rule denied Whitlock’s petition. We have jurisdiction to review said denial pursuant to article V, section 15 of the Florida Constitution and order reinstatement.
This Court must take the following elements into account when considering a petition for reinstatement: strict compliance with the disciplinary order or orders; evidence of unimpeachable character; clear evidence of a good reputation for professional ability; evidence of lack of malice and ill feeling toward those involved in the disciplinary proceedings; personal assurances of a sense of repentance and a desire to conduct practice in an exemplary fashion in the future; and restitution of funds. In re Timson, 301 So.2d 448 (Fla.1974).
At the final hearing on the petition for reinstatement, petitioner presented ten witnesses, including himself. Among petitioner’s witnesses were his wife, two practicing attorneys, a former client, a physician, a C.P.A., and two circuit court judges who appeared pursuant to subpoena. The Florida Bar presented one witness, Donald G. Kykendall, the complainant in petitioner’s most recent suspension.
*525 In the order denying the petition for reinstatement, the referee acknowledged that petitioner was in compliance with several of the factors outlined in In re Timson. The referee found that petitioner complied with both prior disciplinary orders and that several of his colleagues held him in high regard. The order also acknowledged that petitioner testified that he holds no malice towards those involved in bringing the disciplinary proceedings and expressed repentance for his actions.
Petitioner was denied readmission primarily because of his financial irresponsibility. In fact, petitioner acknowledged in his petition for reinstatement that he has unpaid judgments and debts totalling approximately $220,000 including debts for unpaid child support. During the proceedings, the Bar disclosed the existence of other debts not listed on the petition for reinstatement, bringing petitioner’s total indebtedness to approximately $300,000.
Testimony presented at the hearing on the petition for reinstatement reveals that petitioner currently works as a general manager and laborer for Lawn Man, Inc., a lawn maintenance service in Winter Haven, Florida, owned jointly by his wife and her brother. Petitioner’s earnings in 1983 and 1984 totalled approximately $11,650, and in 1985 petitioner earned approximately $10,-000. Petitioner has no assets, and lives in a rented apartment. Petitioner must care for his wife and resident child as well as support his nonresident children.
Several statements made by the referee in the order denying reinstatement are simply not supported by the record. The referee’s finding that petitioner made no attempt to contact his creditors was rebutted by the Bar’s own witness, Donald Kyken-dall. The referee’s finding that no payment toward restitution had been tendered toward Mr. Kykendall is erroneous. In fact, Mr. Kykendall acknowledged that petitioner offered to make a $3,000 cash payment and to amortize the note for fifteen years. Petitioner had not contacted his other judgment creditors because he cannot afford to pay them. We refuse to penalize petitioner for inaction when the action required, contacting creditors, would have been useless.
The referee incorrectly assumed that, because the company employing petitioner is owned by his wife and brother-in-law, funds should be available to pay off his debts. The company is only a small lawn mowing business, not a large corporation. Further, the referee completely disregarded the testimony of nine witnesses by concluding that he was “unable to find evidence of unimpeachable character.” In fact, evidence of unimpeachable character was overwhelming and completely unrebut-ted.
Upon meeting the conditions set forth herein, petitioner deserves reinstatement and an opportunity to earn a living in the field in which he is trained. Obviously, petitioner did not have the funds to meet several of his obligations. To deny reinstatement for the reasons given by the referee, i.e., failure to make more money while suspended, is basically denying him reinstatement forever. See In re Ragano, 403 So.2d 401 (Fla.1981). On the other hand, we cannot ignore or excuse the petitioner’s responsibility to make the restitution required by the prior disciplinary action. In light of the several mitigating factors brought out in the hearing for reinstatement, we find that petitioner should be reinstated to membership in The Florida Bar subject to arrangements for the repayment of the debt of restitution owed to Mr. Kykendall as well as the total payment of all court-ordered family support.
Accordingly, this matter is remanded to the referee to consult with the parties and within sixty days submit to this Court a reasonable monthly payment schedule to assure these payments. Upon submission of an appropriate payment schedule approved by this Court, petitioner shall be reinstated to membership in The Florida Bar but shall be on probation for the time necessary to complete repayment of these debts. Should petitioner fail to promptly and timely comply with the requirements of the payment schedule, he will be subject to suspension.
It is so ordered.
*526 McDonald, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
ON MOTION FOR CLARIFICATION
On consideration of the motion for clarification filed by The Florida Bar, and response thereto,
IT IS ORDERED by the Court that said motion be and the same is hereby granted.
Judgment for costs in the amount of $929.54 is hereby entered against William E. Whitlock, III, for which sum let execution issue.
McDonald, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.