PER CURIAM.
This proceeding is before the Court on the petition of Russell T. Sickmen for reinstatement to the practice of law in Florida. Pursuant to rule 3-7.9 of the Rules Regulating The Florida Bar, a referee was appointed to conduct proceedings on the petition. The referee recommends that the petition for reinstatement be granted. The *155 Florida Bar has filed a petition for review and opposes reinstatement.
The petitioner was suspended for a term of three years, effective December 13, 1983. The Florida Bar v. Sickmen, 491 So.2d 274 (Fla.1986). As provided by article XI, rule 11.10(4) of the then-existing Integration Rule of The Florida Bar, proof of rehabilitation was to be required prior to reinstatement. As a further condition, the order of the Court provided “that respondent be required to pass the ethics portion of The Florida Bar examination prior to his reinstatement.”
In reinstatement proceedings, the responsibility of the referee is to hold a hearing, “at the conclusion of which the referee shall make and file with the Supreme Court of Florida a report which shall include the findings of fact and a recommendation as to whether or not the petitioner is qualified to resume the practice of law.” Rule 3-7.9(i), Rules Regulating The Florida Bar. The criteria by which a suspended lawyer’s fitness to resume the practice of law is to be evaluated have been discussed in numerous opinions of this Court. E.g., The Florida Bar In Re Inglis, 471 So.2d 38 (Fla.1985); The Florida Bar In re Timson, 301 So.2d 448 (Fla.1974); In re Dawson, 131 So.2d 472 (Fla.1961). The petitioner must show: (1) full compliance with conditions imposed in the previous disciplinary judgment; (2) unimpeachable character; (3) a reputation for professional ability; (4) lack of malice toward those responsible for the previous disciplinary action; (5) a repentant attitude concerning the earlier wrongdoing and a strong resolution to adhere to principles of correct conduct; and (6) restitution to persons harmed by the earlier misconduct.
The referee found that petitioner had established his rehabilitation, met the criteria set forth in past cases, and had demonstrated his fitness to resume the practice of law. The record supports the referee’s findings. The Florida Bar argues that because petitioner was disbarred in New York subsequent to this suspension in Florida, a finding of rehabilitation is precluded. However, the New York disbarment was based on the same misconduct as the Florida suspension, not further or separate misconduct. Our previous judgment of suspension was a final adjudication of discipline regarding the misconduct in question, and the fact that another jurisdiction imposed a more severe sanction for the same misconduct does not justify our placing any greater burdens on the petitioner than those already imposed.
The Bar also argues that petitioner should be required to retake the Florida bar examination. Our suspension order imposed the requirement that petitioner pass the ethics portion of the exam and this condition has been fulfilled. We find that this case is distinguishable from those cases in which suspended attorneys have been required to retake the entire bar examination due to long absence from the practice.
We therefore approve the referee’s report. Russell T. Sickmen is hereby reinstated to the practice of law in Florida.
It is so ordered.
McDonald, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, J., concurs specially with an opinion.