ON MOTION FOR REHEARING
PER CURIAM.
This proceeding is before the Court on the petition of Lewis M. Williams for reinstatement to membership in The Florida Bar. The referee recommended that reinstatement be denied. Williams has filed a petition for review. We have jurisdiction. Art. Y, § 15, Fla. Const.
Williams was suspended from membership in The Florida Bar on February 13, 1979, for multiple felony convictions including conspiracy, possession and sale of cocaine, and possession of two concealed firearms. He filed his petition for reinstatement on November 6, 1986.
The referee found that rehabilitation was not satisfactorily shown. In his report, he explained that Williams: (1) failed to furnish his clients with copies of the suspension order and failed to furnish The Florida Bar with an affidavit containing the names and addresses of those clients; (2) allowed his trust account to stay open and active following suspension; (3) unlawfully hired a private investigator to locate and interview both the jurors and the confidential informant regarding his trial; (4) continued his involvement after suspension with persons directly and indirectly involved in criminal activity; and (5) made inconsistent comments concerning his involvement in the drug offenses.
Williams argues that he has undergone a great deal of rehabilitation since his release from incarceration. Williams presented numerous witnesses who testified that he is a knowledgeable attorney, a good attorney, and an honest man to whom they would refer clients upon reinstatement.
To support reversal of the referee’s report, Williams must show that the report is unsupported by the evidence. We find that Williams has failed to meet this burden. Further, we reject Williams’ argument that The Florida Bar in re Inglis, 471 So.2d 38 (Fla.1985), and The Florida Bar re Whitlock, 511 So.2d 524 (Fla.1987), support his reinstatement petition. We find these cases are clearly distinguishable from the instant case.
After careful consideration of the referee’s report, the record, and the briefs of the parties, we approve the referee’s report and the petition for reinstatement is denied.
The referee also recommended that Williams be required to pay the costs of $5,356.34 incurred in this proceeding. Williams correctly argues that rule 3-7.9(d) of the Rules Regulating The Florida Bar does not authorize the collection of investigative costs, which in this case totaled *842 $3,399.14. See The Florida Bar v. Allen, 537 So.2d 105 (Fla.1989). Therefore, judgment is entered against Lewis M. Williams for costs in the amount of $1,957.20, for which sum let execution issue. Interest shall accrue and be payable at the statutory rate beginning thirty days after the final judgment in this case.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs with the denial of reinstatement and dissents as to the investigative costs.