PER CURIAM.
The Florida Bar petitions this Court to review the report of the referee in a disciplinary proceeding against Daniel Dwight Moody, the respondent. Although The Florida Bar does not contest the recommended nine-month suspension, it does contest the referee’s recommendation that the respondent be considered for reinstatement at the end of his suspension regardless of the fact that his civil rights may not have been restored. We have jurisdiction under article V, section 15, of the Florida Constitution and Rule of Discipline 3-7.6 of the Rules Regulating The Florida Bar.
On September 4, 1988, the respondent was involved in an automobile accident while driving with a 0.15 blood alcohol level. A passenger in the other car was killed in the accident. The respondent pled guilty to one count of manslaughter, a second-degree felony. He also pled a “best-interest plea” [1] to one count of leaving the scene of an accident with injuries, a third-degree felony. The judge sentenced the respondent to eleven and one-half months’ imprisonment, suspended, followed by two years of community control and then five years *1318 of probation.[2]
In subsequent bar disciplinary proceedings against the respondent, the referee found him guilty of violating Rule of Discipline 3-4.3 for the commission of an act that is unlawful or contrary to honesty and justice, Rule of Professional Conduct 4-8.-4(a) for violating the Rules of Professional Conduct, and Rule of Professional Conduct 4-8.4(b) for committing a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects. The referee recommended that the respondent be suspended for nine months, nunc pro tunc from the date he was suspended due to the felony conviction.[3] The referee also made several recommendations concerning the respondent’s future reinstatement, including the recommendation that he be considered for reinstatement despite the fact that his civil rights may not have been restored.[4]
For this Court to accept the referee’s recommendation we would have to overrule our decision in The Florida Bar v. Clark, 359 So.2d 863, 864 (Fla.1978), where we held “that restoration of civil rights following a felony conviction is a necessary prerequisite to obtaining the privilege of practicing law, whether one be a suspended attorney, a disbarred attorney, or a first-time applicant for admission to the Bar.” The respondent argues that should he be unable to obtain an early restoration of his civil rights, our continued adherence to the rule will have the effect of suspending him from the practice of law for seven years, a term longer than the five-year minimum term of members who are disbarred.
While we sympathize with the respondent’s predicament, we believe it would be improvident to recede from our prior ruling. As we explained in In re Florida Board of Bar Examiners, 350 So.2d 1072, 1073 (Fla.1977):
It is apparent that the Court’s rationale for considering an individual ineligible for admission to The Florida Bar upon conviction of a felony is predicated upon the deprivation of civil rights which flows from such conviction. If one is ineligible to vote or hold public office in Florida, then he should not be eligible for admission to The Florida Bar and thereby become an officer of the courts of this State.
We agree with the referee in Clark, who expressed the opinion that it would be an anomalous situation to have an attorney entitled to practice before judges for whom he is not qualified to vote and juries upon which he is not qualified to sit. Therefore, we continue to require that a lawyer have his or her civil rights as a prerequisite to the practice of law in this state.
We approve the referee’s finding of guilt and suspend respondent from the practice of law for a period of nine months, retroactive to November 16, 1989. Judgment for costs in the amount of $2,029.22 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
*1319 SHAW, C.J., and OVERTON, McDonald, BARRETT and GRIMES, JJ., concur.
KOGAN, J., dissents with an opinion.

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. He was also fined and ordered to pay restitution.

. Rule of Discipline 3-7.2(e).

. This recommendation was apparently based on the referee’s findings as to the circumstances of the accident and the considerable amount of mitigation. The referee found that the violations did not involve the practice of law and did not affect a client. With respect to the offense of leaving the scene, the referee concluded that respondent's "reasoning at the time was impaired to such an extent due to the use of alcohol and injuries incurred as to mitigate to a great extent the effect of this conviction.” Fur-
ther, the referee found the following factors in mitigation:
(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) timely good faith effort to make restitution or to rectify consequences of misconduct;
(d) full and free disclosure to disciplinary board or cooperative attitude toward proceedings;
(e) character or reputation;
(f) interim rehabilitation;
(g) imposition of other penalties or sanctions; and
(h) remorse.