PER CURIAM.
Sheldon J. Sanders, a suspended member of The Florida Bar residing in New York, seeks the termination of his suspension and reinstatement to The Florida Bar. This Court suspended Sanders after notification that he had been convicted of a felony in his home state of New York, for which he has been disbarred. We have jurisdiction. Art. V, § 15, Fla. Const.
A referee, appointed by this Court to take testimony and make recommendations, concluded that Sanders has a good character, has complied with the suspension, has rehabilitated himself, and has shown a sincere intent to avoid wrongdoing. The referee declined to make a recommendation of reinstatement, however, because Sanders has not been readmitted in his home state of New York, even though he has applied for readmission three times. Because the misconduct occurred in New York, the referee agreed with and grounded his conclusion to decline recommendation for reinstatement on Justice Ehrlich’s special concurring opinion in The Florida Bar re Sickmen, 523 So.2d 154, 156 (Fla.1988), where he said:
If New York had instituted its disciplinary proceedings first and had disbarred Mr. Sickmen, there is no doubt in my mind that this Court would have imposed the same discipline, and would not readmit him to The Florida Bar unless and until the State of New York had done likewise.
We conclude that this is a valid consideration. We should not allow the practice of law in Florida of one disbarred in his home state. We also note that the record fails to demonstrate that Sanders has had his civil rights restored, a condition we require. The Florida Bar v. Moody, 577 So.2d 1317 (Fla.1991); The Florida Bar v. Clark, 359 So.2d 863 (Fla.1978).
We therefore deny Sanders’ petition for reinstatement to The Florida Bar. Judgment for costs of $841.25 is hereby entered against Sanders, for which sum let execution issue. See R. Regulating Fla.Bar 3-7.-9(d), (n)(4).
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.