PER CURIAM.
This is a petition for review of a ruling by the Florida Board of Bar Examiners declaring the petitioner ineligible to apply for admission to The Florida Bar or The Florida Bar Examination. We have jurisdiction under article V, section 15 of the Florida Constitution.
Petitioner practiced law for twenty years in Ohio. Following a recommendation of permanent disbarment by the Board of Commissioners on Grievance and Discipline of the Supreme Court of Ohio, petitioner resigned from the practice of law in Ohio. According to a certificate of the Clerk of the Supreme Court of Ohio, upon petitioner’s resignation, “he is no longer authorized to practice law and shall never thereafter be readmitted to the practice of law in the State of Ohio.” Because the petitioner was prohibited from ever being readmitted to practice law in Ohio, the Board ruled that he was not eligible to apply for admission to The Florida Bar or The Florida Bar Examination.
Petitioner argues that the mere fact that he has been permanently disbarred in Ohio should not preclude him from seeking to show that he has the requisite character and fitness to be admitted to practice in Florida. We conclude, however, that this case is controlled by our recent decision in The Florida Bar re Sanders, 580 So.2d 594 (Fla.1991).
Sanders was a member of The Florida Bar residing in New York. He was convicted of a felony in his home state of New York, for which he was disbarred. As a consequence of his New York disbarment, he was suspended from The Florida Bar. Thereafter, in passing on a petition for reinstatement, a referee concluded that Sanders had good character, had complied with the suspension, and had rehabilitated himself. However, the referee declined to make a recommendation of reinstatement because Sanders had not been readmitted in New York even though he had applied for readmission three times. In our opinion, we stated:
Because the misconduct occurred in New York, the referee agreed with and grounded his conclusion to decline recommendation for reinstatement on Justice Ehrlich’s special concurring opinion in The Florida Bar re Sickmen, 523 So.2d 154, 156 (Fla.1988), where he said:
If New York had instituted its disciplinary proceedings first and had disbarred Mr. Sickmen, there is no doubt in my mind that this Court would have imposed the same discipline, and would not readmit him to The Florida Bar unless and until the State of New York had done likewise.
We conclude that this is a valid consideration. We should not allow the practice of law in Florida of one disbarred in his home state.
The Florida Bar re Sanders, 580 So.2d at 594 (emphasis added).
Pursuant to the rationale in Sanders, we will not allow petitioner to practice law in Florida so long as he is disbarred in the state of Ohio.[1] We approve the ruling of the Board.
It is so ordered.
*464 SHAW, C.J., and OVERTON, McDonald, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, J., concurs in result only.

. On April 25, 1991, subsequent to petitioner’s application to the Board, this Court amended article III, section 2(f) of the Rules of the Supreme Court Relating to Admissions to the Bar to read:
A person who has been disbarred from the practice of law in a foreign jurisdiction shall not be eligible to apply for admission to The Florida Bar or the Florida Bar Examination for a period of five years from the date of disbarment or such longer period set by the foreign jurisdiction for readmission to the foreign jurisdiction.
Florida Bd. of Bar Examiners re Amendment to Rules of the Supreme Court Relating to Admissions to the Bar, 578 So.2d 704, 707 (Fla.1991). As now written, the rule on its face would disqualify petitioner.