PER CURIAM.
This proceeding is before the Court on the petition for review of a referee’s recommendation that Gary E. Susser’s petition for reinstatement to the practice of law be granted. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
In 1989, Susser was convicted of felony drug abuse in Ohio and placed on probation. *31 Therefore, he was suspended from the practice of law by this Court for one year. While on probation, he was charged and convicted of four additional felonies in Ohio. As a result, Susser was suspended by this Court for three years, nunc pro tunc, to November 14, 1989. On appeal, all four felony convictions were reversed. Three were overturned for lack of credible evidence and one was reduced to a fourth-degree misdemeanor. Consequently, the suspension was reduced to two years with the requirement that as a condition of Susser’s reinstatement to the Bar, he was required to pass all portions of the Florida Bar exam. Susser passed all portions of the Bar exam and filed his petition for reinstatement in March 1993. However, on April 7, 1993, the Ohio Supreme Court disbarred Susser in his home state of Ohio because of the same four felony convictions. The referee concluded that the Ohio ruling was harsh and recommended that Sus-ser be reinstated.
The Bar argues that because of our ruling in The Florida Bar re Sanders, 580 So.2d 594 (Fla.1991), Susser should not be allowed to practice law in Florida. Specifically, this Court stated in Sanders that “[w]e should not allow the practice of law in Florida of one disbarred in his home state.” Id. See also Florida Bd. of Bar Examiners re R.L.V.H., 587 So.2d 462 (Fla.1991). However, in Sanders, the petitioner was disbarred in his home state of New York before any final disciplinary action was taken in Florida. The instant case may be distinguished from Sanders in that Susser had been subjected to a final disciplinary proceeding in Florida prior to being disbarred in his home state. This ease is similar to The Florida Bar re Sickmen, 523 So.2d 154 (Fla.1988), in which the petitioner had already been subjected to a disciplinary proceeding in Florida when he was subsequently disbarred in his home state for the same conduct. We held that “the fact that another jurisdiction imposed a more severe sanction for the same misconduct does not justify our placing any greater burdens on the petitioner than those already imposed.” Id. at 155.
Because the previous ruling in the case at bar was a final adjudication of discipline regarding the misconduct in question, it would be unfair now to impose discipline to a higher degree based solely on a disbarment by Sus-ser’s home state that was premised upon the same conduct. Susser complied fully with the requirements previously imposed by the referee, and the record supports his current recommendation. Therefore, we approve the referee’s report and hereby reinstate Gary E. Susser to the practice of law in Florida.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.