PER CURIAM.
The Florida Bar filed a petition for review of the referee’s recommendation that Dennis Janssen’s petition for reinstatement to the practice of law be granted. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
Janssen was suspended from the practice of law in May 1992 for one year based upon trust account violations and shortages and improprieties related to receiving loans from clients. The Fla. Bar v. Janssen, 599 So.2d 659 (Fla.1992). Janssen filed a petition for reinstatement on May 17, 1993.
During a May 27, 1993, meeting with the Bar staff investigator, Janssen represented that he had no pending judgments or arrests. However, Janssen had actually been arrested for driving under the influence (DUI) shortly after midnight that same day. Janssen did not file an amendment to the petition, nor did he contact the Bar regarding the arrest. The Bar investigator discovered the DUI arrest during a search of police records on July 7,1993. Janssen subsequently disclosed the DUI arrest during a July 20, 1993, deposition by the Bar.
During an inquiry concerning the arrest, the Bar also discovered that Janssen made several misrepresentations to law enforcement officers. Janssen advised the officers that he was unable to perform the field sobriety tasks because of injuries sustained playing varsity football at Florida State University (FSU). In reality, Janssen never played football at FSU. Janssen also advised the officers that he had to be released from jail .in order to be in court or attend a meeting that morning relating to a woman with a domestic violence problem. Janssen’s meeting that morning was actually with the Bar investigator and his attorney.
During the referee hearing regarding Janssen’s petition for reinstatement, the Bar also presented evidence that Janssen made similar misrepresentations regarding his involvement in FSU varsity sports to his former employer, his physicians, and his defense attorney in a driver’s license reinstatement proceeding. The record also shows that Janssen was $14,200 in arrears in child support payments, having failed to make payments from January 1992 to the October 1993 hearing even though he had a fairly substantial income during this time. Janssen also .failed to include this financial obligation in his petition for reinstatement.
The referee found that Janssen attempted to mislead others about his sports involvement, that he misled the officers about the nature of his meeting on the morning of his arrest, that his failure to meet his child support obligations was not reasonable, and that he withheld information about his DUI arrest from the Bar investigator. However, the referee discounted this conduct because none of its “was in the course of the practice of law and none of it was for the purpose of financial gain to Petitioner or to defraud anyone.” The referee recommended that Janssen be reinstated to the practice of law and be placed on probation for eighteen months. The referee also recommended that Jans-sen’s probation be conditioned on fulfilling any probationary conditions relating to his pending DUI charge,[1] complying with all Florida Lawyers Assistance, Inc. conditions and recommendations, keeping current with all child support payments, and paying all costs related to his reinstatement proceeding.
The Bar now argues that the referee’s recommendation of reinstatement is erroneous because there is an absence of evidence supporting Janssen’s fitness to practice law. A petitioner seeking reinstatement bears the heavy burden of establishing rehabilitation. The Fla. Bar re Timson, 301 So.2d 448, 449 (Fla.1975). The petitioner must show: 1) full compliance with the conditions imposed in the previous disciplinary judgment; 2) unimpeachable character; 3) a reputation for professional ability; 4) lack of malice toward those responsible for the previous disciplinary action; 5) a repentant attitude concerning the earlier wrongdoing and a strong resolution to adhere to principles of correct conduct; and 6) restitution to persons harmed by the earlier misconduct. The Fla. *1067 Bar re Sickmen, 523 So.2d 154, 155 (Fla.1988).
The Bar contends that the record in this case does not support the referee’s findings as to the elements of unimpeachable character and reputation for professional ability, and thus Janssen should not be reinstated. The Bar cites Janssen’s numerous misrepresentations as evidence of his lack of unimpeachable character.
A referee’s findings of fact carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record. The Fla. Bar v. Vannier, 498 So.2d 896, 898 (Fla.1986). The record in this case shows that Janssen misrepresented his arrest record to the Bar and misrepresented his sports involvement to a number of individuals. While there is some confusion regarding Janssen’s representations to the police officers about “being in court” or “having a meeting” on the day of his arrest, the officers testified that Janssen stated that the meeting involved a woman with a domestic violence problem, which was not true. Janssen was also less than candid and honest with his ex-wife about his financial situation, and he did not meet his child support obligations at a time when he had a fairly substantial income. He also failed to include this obligation in his petition for reinstatement.
The referee’s conclusions based upon her own findings are not consistent with this Court’s handling of similar character issues. As this Court explained in The Florida Bar re John, 559 So.2d 1089, 1090 (Fla.1990),
Minding a lack of good moral character is not restricted to acts reflecting moral turpitude, but, rather, includes “acts and conduct which would cause a reasonable man to have substantial doubts about an individual’s honesty, fairness and respect for the rights of others and for the laws of the state and nation.” Anything less would not protect the public interest sufficiently.
(Citation omitted) (quoting Florida Bd. of Bar Examiners re G.W.L., 364 So.2d 454, 458 (Fla.1978)).
Janssen’s repeated misrepresentations and omissions cast so much doubt on his character and fitness to practice law that we disapprove the referee’s recommendation regarding reinstatement to the practice of law. Thus, we deny Janssen’s petition for reinstatement.
However, we agree with the referee’s recommendation that Janssen be required to pay the costs incurred in this proceeding, but only to the extent authorized by the rules. Janssen argues that rule 3-7.10(d) of the Rules Regulating the Florida Bar does not authorize the collection of investigative costs in reinstatement proceedings, and thus he should not be assessed $1,919.59 in investigative costs. We agree. See The Fla. Bar re Williams, 538 So.2d 836, 837-38 (Fla.1989). Therefore, judgment is entered against Jans-sen for costs in the amount of $1,394.39, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
WELLS, J., recused.

. Subsequent to the referee hearing, Janssen pled nolo contendere to an amended charge of reckless driving, was adjudicated guilty, and placed on probation for six months.