647 So.2d 816 (1994)
THE FLORIDA BAR re David Baldwin WEBSTER.
No. 79979.
Supreme Court of Florida.
November 17, 1994.
Rehearing Denied January 11, 1995.
Martin Errol Rice of Martin Errol Rice, P.A., St. Petersburg, and Scott K. Tozian of Smith and Tozian, P.A., Tampa, for petitioner.
David R. Ristoff, Branch Staff Counsel and Joseph A. Corsmeier, Asst. Staff Counsel, of The Florida Bar, Tampa, for respondent.
PER CURIAM.
We have for review the referee's findings and recommendation that David Baldwin Webster's petition for reinstatement to membership in The Florida Bar be denied. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed, we approve the recommendation of the referee and deny Webster's petition for reinstatement.
In 1988, David Baldwin Webster was temporarily suspended on an emergency basis by this Court for trust account violations. Subsequently, through a consent judgment, Webster agreed to an eighteen-month suspension to be followed by a two-year period of probation. Webster also agreed to pay costs of the disciplinary proceeding, to submit to periodic audits, to undergo drug treatment as recommended by Florida Lawyer's Assistance, Inc. (F.L.A.), and to complete six hours of continuing legal education (CLE) courses. In petitioning for reinstatement, Webster maintains that he has substantially fulfilled the requirements of the suspension order. In accordance with the rules, after Webster filed his petition for reinstatement, *817 this matter was referred to a referee for findings of fact and recommendations.
In his report, the referee noted the above history and then made the following relevant findings of fact. First, eighteen months after Webster was suspended by this Court, he applied for temporary admission to the bar of the Federated States of Micronesia. In his application he stated that he was a member of the Washington, D.C. Bar, the Florida Bar and various federal courts. He also stated that he was not under an order of suspension or disbarment from any authority. He was subsequently admitted to the Micronesia Bar and practiced there as an assistant attorney general. Second, one year after being admitted to the Micronesia Bar, Webster submitted an application for admission to practice law in the Republic of Palau, in which he signed an affidavit stating he was a member in good standing of the Washington, D.C. Bar. Webster was a member in good standing of the Washington, D.C. Bar at that time, but he had failed to notify the Washington, D.C. Bar of his Florida suspension as required by the rules governing the Washington, D.C. Bar.[1] He was admitted to practice in Palau and worked as an interim special prosecutor. In 1992, the Supreme Court of Palau learned of Webster's suspension from the Florida Bar and disbarred him from the Palau bar. Third, the referee found that Webster had failed to follow the recommendations of F.L.A. as agreed to in the consent judgment; that he did not attempt to fulfill the six CLE credits until this petition was filed; and that he did not pay the disciplinary costs until the eve of the evidentiary hearing and until after unsuccessfully attempting to have those costs discharged in bankruptcy.
In conclusion, the referee found that Webster "did not abide by the conditions of his probation in a manner consistent with a person who is attempting to gain reinstatement to the Bar" and that he "played fast and loose with the facts by failing to disclose the Florida Bar disciplinary proceedings" to the bars of Micronesia and Palau.
In Webster's favor, the referee noted that a number of respected members of the Bar and Judiciary testified on Webster's behalf, that Webster likely no longer suffered from a substance abuse problem, and that Webster was and would likely still be a good trial attorney. Nevertheless, given Webster's conduct since the suspension, the referee recommended that the petition for reinstatement be denied without prejudice and that Webster be required to pay the costs of this proceeding.
Webster argues that he should be reinstated because he has been rehabilitated and because his conduct was not improper. As to rehabilitation, he refers to the numerous witnesses who testified on his behalf. He also maintains that he has now substantially complied with all conditions of probation. He states that he did not follow the recommendations of F.L.A. as required by the conditions of his suspension because he received counseling to the contrary. He also strongly contends that he made no misrepresentations to the bars of Micronesia or Palau in applying for admission. Specifically, he argues that he believed that the information he provided was truthful because his suspension ended on June 18, 1990, and his application for admission to Micronesia was not signed until June 21, 1990. Consequently, he asserts that his suspension was finalized before his applications to those jurisdictions were submitted.
Arguably, Webster made no actual misrepresentation in applying to the bars of Micronesia and Palau given that his suspension was technically over. Nevertheless, he was still on probation, and we find that, by failing to tell those bars that he had been suspended and was not a member in good standing of the Florida Bar, he engaged in a misrepresentation by omission. As noted by the referee, at a minimum, Webster "played fast and loose with the facts." Additionally, Webster wrongfully failed to notify the Washington, D.C. Bar of his Florida suspension. Finally, he failed, as required by the terms of the consent judgment, to comply *818 with the recommendations of F.L.A. regarding treatment for his drug problems. This conduct, when taken as a whole, would cause a reasonable person to have substantial doubts about Webster's honesty, fairness, and respect for the law. That the Supreme Court of Palau disbarred Webster upon learning of his failure to disclose his Florida suspension is evidence of that fact. Consequently, we find that Webster has failed to demonstrate his fitness to resume the practice of law and agree with the referee's recommendation that Webster not be reinstated at this time. We disagree, however, with the referee's recommendation that Webster be allowed to reapply for reinstatement in accordance with the Rules Regulating The Florida Bar. Under the rules, Webster would be allowed to reapply for reinstatement one year from the date of this opinion. See R.Reg.Fla.Bar 3-7.10(l). Under the circumstances of this case, we find that Webster should not be allowed to reapply for reinstatement until two years from the date of this opinion.
Accordingly, Webster's petition for reinstatement is denied without prejudice. Webster may reapply for reinstatement to The Florida Bar no sooner than two years from the date of this opinion. Judgment for costs in the amount of $1,361.60[2] is hereby entered against David Baldwin Webster, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
ANSTEAD, J., concurs specially with an opinion.
WELLS, J., recused.
ANSTEAD, Justice, specially concurring.
I concur in approving the referee's report, but I would permit an application for reinstatement after one year.
NOTES
[1] After the Washington, D.C. Bar learned of Webster's Florida suspension, disciplinary proceedings were instituted against Webster. Those proceedings were not finalized at the time the referee issued his recommendation.
[2] This amount represents the total costs less administrative and investigative expenses. See The Fla. Bar re Janssen, 643 So.2d 1065 (1994) (only those costs specifically set forth in rule 3-7.10 may be assessed against applicant seeking reinstatement).