662 So.2d 1238 (1995)
THE FLORIDA BAR, Complainant,
v.
David Baldwin WEBSTER, Respondent.
No. 82042.
Supreme Court of Florida.
November 16, 1995.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee; and David R. Ristoff, Branch Staff Counsel and Joseph A. Corsmeier, Assistant Staff Counsel, Tampa, for Complainant.
David Baldwin Webster, Tampa, pro se, Respondent.
*1239 PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by David Baldwin Webster. We have jurisdiction. Art. V, § 15, Fla. Const.
This disciplinary action arose as a result of Webster's failure to disclose disciplinary action taken against him in this state to other jurisdictions where he either already was a member of the bar or where he was applying for admission to the bar. As a result of the alleged failure to disclose, the Bar charged Webster with violations of the following Rules Regulating The Florida Bar: rule 4-8.1(a) (knowingly making a false statement of material fact in connection with a bar admission application); rule 4-8.1(b) (failing to disclose a fact necessary to correct a misapprehension known by the person to have arisen in a Bar admission application); rule 3-4.3 (engaging in the commission of an act that is unlawful or contrary to honesty and justice); and rule 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).
The referee granted Webster's motion to dismiss the counts alleging violations of rule 4-8.1(a) (making a false statement in connection with a bar admission application); rule 4-8.1(b) (failing to disclose a fact necessary to correct a misapprehension on a bar admission application). The referee reasoned that the allegations contained in those counts had already been litigated in connection with Webster's 1992 petition for reinstatement, wherein the referee found that Webster did not make actual misrepresentations in his applications to practice law in the Federated State of Micronesia and the Republic of Palau. Webster's petition for reinstatement was denied by this Court on November 17, 1994. Florida Bar re Webster, 647 So.2d 816 (Fla. 1994).
After a hearing, the referee recommended that Webster be found guilty of violating rule 3-4.3 (committing an act that is unlawful or contrary to honesty and justice). However, based on the finding that Webster did not make an actual misrepresentation, the referee recommended that Webster be found not guilty of violating rule 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). The referee recommended a two-year suspension to run concurrently with this Court's November 17, 1994, order prohibiting Webster from petitioning for reinstatement until November 1996. The Bar seeks review of the order of dismissal and the report of the referee. The Bar seeks disbarment, maintaining that the record and this Court's 1994 decision support a finding of guilt as to all alleged violations.
This action is based on substantially the same conduct as was addressed in connection with Webster's 1992 petition for reinstatement. Webster has been a member of the District of Columbia Bar since 1968 and has been a member of The Florida Bar since 1969. On May 24, 1990, this Court suspended Webster from the practice of law for eighteen months, effective nunc pro tunc December 18, 1988, for various trust fund violations. The suspension was to be followed by a two-year probation. In a separate order issued the same day this Court suspended Webster for ninety days effective nunc pro tunc December 18, 1988, for various other instances of misconduct. Florida Bar v. Webster, 564 So.2d 490 (Fla. 1990).
Eighteen months after the effective date of his suspension, Webster filed a motion for temporary admission to the Micronesia Bar. As part of his bar application, Webster stated that he was "not under an order of suspension or disbarment from any authority." Also as part of his application, Webster attached a certificate of good standing with the District of Columbia Bar, which he had failed to notify of his Florida suspension.[1]
Then, in May 1991, Webster applied for admission as an attorney and counselor at *1240 law in the Republic of Palau. In connection with his application, Webster stated that he was a member in good standing in the District of Columbia Bar but failed to mention his membership in The Florida Bar or his suspensions. Under rule 2(a) of the Palau Rules of Admission, an applicant is required to inform the Court of any disciplinary proceeding current or prior, in all jurisdictions in which the applicant has been admitted.
In 1992, Webster applied for reinstatement with this Court. When the Supreme Court of the Republic of Palau became aware of Webster's Florida suspension, that court ordered disbarment. On November 17, 1994, this Court denied Webster's petition for reinstatement and prohibited him from applying for reinstatement for two years from the date of the order. The Bar then brought the instant action seeking to disbar Webster. The Bar has filed, as supplemental authority, a June 22, 1995, decision of the District of Columbia Court of Appeal disbarring Webster from the practice of law in the District of Columbia. In re Webster, 661 A.2d 144 (D.C. 1995).
We agree with the Bar that there is clear and convincing evidence that Webster is guilty of all violations charged. It is clear that Webster engaged in intentional misrepresentation by omission. We found as much in our November 17, 1994, denial of his petition for reinstatement, wherein we stated:
Arguably, Webster made no actual misrepresentation in applying to the bars of Micronesia and Palau given that his suspension was technically over. Nevertheless, he was still on probation, and we find that, by failing to tell those bars that he had been suspended and was not a member in good standing of the Florida Bar, he engaged in a misrepresentation by omission... . Additionally, Webster wrongfully failed to notify the Washington, D.C. Bar of his Florida suspension.
Florida Bar re Webster, 647 So.2d at 817 (emphasis added).
Webster knowingly omitted a material fact in applying for admission to the Micronesia and Palau bars. He further failed to disclose to those bars the material fact of his Florida suspensions when such disclosure was necessary to correct what would be an obvious misapprehension by those bars. Accordingly, although we approve the referee's findings of fact and the recommendation that Webster be found guilty of violating rule 3-4.3, we reverse the dismissal of those counts of the Bar's complaint charging violations of rules 4-8.1(a) and 4-8.1(b). Likewise, we disapprove the referee's recommendation that Webster be found not guilty of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of rule 4-8.4(c).
Finally, we agree with the Bar that disbarment is appropriate here because Webster intentionally deceived the Micronesia and Palau Bars for his personal gain. As found by the District of Columbia Court of Appeals in its order of disbarment, Webster's "conduct was deliberate and calculated... . [Webster] cleverly manipulated the flow of information between the District of Columbia, Florida and Palau in order to practice law." 661 A.2d at 149-50. As we noted in our 1994 opinion denying Webster's petition for reinstatement,
[This] conduct, when taken as a whole, would cause a reasonable person to have substantial doubts about Webster's honesty, fairness, and respect for the law. That the Supreme Court of Palau disbarred Webster upon learning of his failure to disclose his Florida suspension is evidence of that fact.
Florida Bar re Webster, 647 So.2d at 818.
Disbarment under these circumstances is consistent with this Court's recognition that falsification of a Florida bar admission application warrants revocation of the license to practice law. Florida Bd. of Bar Examiners v. Lerner, 250 So.2d 852 (Fla. 1971). Disbarment also is called for under Florida Standard for Imposing Lawyer Sanctions 5.11(f), which provides that disbarment is appropriate when a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice law. Moreover, the following aggravating factors support disbarment: 1) prior disciplinary record; 2) dishonest or *1241 selfish motive; 3) a pattern of misconduct; 4) multiple offenses; 5) refusal to acknowledge wrongful nature of conduct;[2] and 6) substantial experience in the practice of law.
Accordingly, we disbar David Baldwin Webster from the practice of law effective nunc pro tunc, November 17, 1994. Costs in the amount of $3,437.33 hereby are awarded in favor of the Bar, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Rule XI, § 11(b) of the District of Columbia Bar Rules requires a member of that Bar to "promptly inform Bar Counsel" of any professional disciplinary action taken against the member by another court. However, Webster did not notify the District of Columbia Bar of his Florida suspension until after that Bar had learned of the Florida suspension from The Florida Bar after Webster applied for reinstatement. Webster has since been disbarred in the District of Columbia In re Webster, 661 A.2d 144 (D.C. 1995).
[2] Webster acknowledges the wrongful matter of his misconduct for the first time in his brief filed in this Court.