PER CURIAM.
Harry Winderman is petitioning for reinstatement to The Florida Bar. We have jurisdiction pursuant to article V, section 15, of the Florida Constitution. We approve the referee’s findings and recommendations for the reasons expressed and reinstate Winder-man to the practice of law in the State of Florida.
Winderman was suspended on February 11, 1993. Florida Bar v. Winderman, 614 So.2d 484 (Fla.1993). The suspension was for one year followed by probation of one year. The sanction was imposed due to Win-derman’s joint representation of numerous clients in a consolidated case in which he failed to successfully file claims, communieáte with clients, and demonstrate integrity during that joint representation.
After serving his suspension, Winderman petitioned for reinstatement to the Bar. The Bar opposed Winderman’s petition. Both parties eventually agreed to a conditional plea, which was approved by the referee, in which Winderman would voluntarily withdraw his petition for reinstatement and serve another one-year suspension. In return, the Bar promised to refrain from raising any issues in opposition to a second petition for reinstatement that would be duplicative of those concerns raised in the first proceeding. Florida Bar re Winderman, No. 82,700 (Fla. May 5, 1994) (order approving referee’s report).
Winderman has now served his second suspension of one year and has petitioned for reinstatement again. The appointed referee set forth a full finding of facts in his report and recommended that Winderman be reinstated to the practice of law in Florida. The Bar opposes Winderman’s reinstatement because of the large amount of debt listed on Winderman’s petition.[1] The Bar is essentially asking us to change our precedent established in Florida Bar re Whitlock, 511 So.2d 524 (Fla.1987), in which we held:
Upon meeting the conditions set forth herein, petitioner deserves reinstatement and an opportunity to earn a living in the field in which he was trained. Obviously, petitioner did not have the funds to meet several of his obligations. To deny reinstatement for the reasons given by the referee, i.e., failure to make more money *624 while suspended, is basically denying him reinstatement forever.
Id. at 525.
We see no reason to recede from or modify this statement. We are under a greater obligation to view Winderman’s petition favorably than we were in Whitlock because in this case the referee has recommended reinstatement. Additionally, we note that Win-derman’s indebtedness has not dramatically changed since his first petition. The Bar entered into a conditional plea with Winder-man despite his inclusion of substantial indebtedness in that petition. While we need not reach the issue of whether the conditional plea implicitly precluded the Bar from challenging Winderman on the grounds of indebtedness, it is clear that the Bar did not explicitly reserve the right to challenge Win-derman’s debt burden.
Accordingly, the recommendation of the referee is approved, the petition for reinstatement is granted, and judgment for costs in the amount of $1,274.72 is entered against Winderman, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

. Winderman lists $147,500.00 of indebtedness on his second petition for reinstatement.