PER CURIAM.
Joseph J. Higgins asks this Court to review the recommendations of the Florida Board of Bar Examiners. We have jurisdiction. Art. V, § 15, Fla. Const.
On December 18, 1986, Higgins was disbarred by order of this Court approving a consent judgment entered against him for various ethical violations. The order disbarred Higgins for a period of three years effective immediately. See Florida Bar v. Higgins, 498 So.2d 946 (Fla.1986). Subsequently, on December 11, 1987, Higgins was convicted of a felony in federal court in New Jersey, and then, on April 26, 1988, he was permanently disbarred in New Jersey. In June of 1998, Higgins requested permission to apply for readmission to The Florida Bar. By letter dated June 18,1998, the Florida Board of Bar Examiners (Board) advised Higgins that pursuant to rule 2-13.1 of the Rules of the Supreme Court Relating to Admissions to the Bar, as long as he was permanently disbarred in New Jersey, he was not eligible to apply for readmission in Florida. Higgins now seeks review of the Board’s decision.
Rule 2-13.1, originally adopted in 1991 as article III, section 2(f) of the Rules of the Supreme Court Relating to Admissions to the Bar, provides:
A person who has been disbarred from the practice of law or has resigned pending disciplinary proceedings shall not be eligible to apply for a period of 5 years from the date of disbarment or 3 years from the date of resignation or such longer period as is set for readmission by the jurisdictional authority.
On its face, then, because Higgins has been permanently disbarred in New Jersey, this rule precludes his application for readmission in Florida. Higgins argues, however, that because this rule was not in effect at the time of his disbarment and because this Court’s order disbarred him for only three years, he should be permitted to apply for readmission despite this rule.
*487 Higgins’ argument that rule 2-13.1 should not be applied to him simply because it was not in effect at the time of his disbarment has been previously rejected by this Court. See Florida Bar re Kim-ball, 425 So.2d 531 (Fla.1982). In Kimball, the petitioner sought readmission after being disbarred, and the referee recommended readmission conditioned on his passing the bar exam. Kimball argued that because at the time he was disbarred the rules did not require him to pass the bar exam, he should not be required to do so. After carefully examining our previous cases on the issue, we held that a person seeking readmission to The Florida Bar is governed by the rules in effect at the time of his or her application for readmission “unless the original discipline opinion otherwise provides or unless the rules at the time of disbarment otherwise provide.” Id. at 533.
While Higgins does not argue that the rules in effect at the time of his disbarment somehow preclude the application of rule 2-13.1, he does in effect argue that this Court’s order disbarring him for only three years precludes it. In support of this argument, Higgins cites Florida Bar re Susser, 639 So.2d 30 (Fla.1994). There, the attorney was first suspended in Florida and later disbarred in another state based on the same misconduct. This Court permitted reinstatement despite the disbarment in the other state reasoning that where Florida’s previous ruling was a final adjudication of discipline regarding the misconduct in question, it would be unfair to effectively impose a harsher discipline based solely on the disbarment in the other jurisdiction. See Florida Bar re Susser, 639 So.2d 30, 31 (Fla.1994); see also Florida Bar re Sickmen, 523 So.2d 154, 155-156 (Fla.l988)(reinstating attorney who had been suspended in Florida and subsequently disbarred in New York for same conduct).[1]
Whole Susser is somewhat persuasive, it is clearly distinguishable from the instant case. Susser was suspended in Florida and sought reinstatement. Higgins was disbarred in Florida and is seeking readmission. Attorneys seeking readmission after disbarment “may be admitted again only upon full compliance with the rules and regulations governing admission to the bar.” See R. Regulating Fla. Bar 3-7.10(a). In contrast, suspended attorneys seek reinstatement pursuant to the Rules Regulating The Florida Bar. Thus, while similar concerns may have been present in determining whether to reinstate Susser, the actual rule being applied to Higgins, rule 2-13.1 of the Rules of the Supreme Court Relating to Admission to the Bar, did not apply to Susser.[2]
Permitting Higgins to apply for readmission despite his permanent disbarment in New Jersey would be directly contrary to the letter and purpose of rule 2-13.1. This rule was adopted to prevent Florida from being a haven for attorneys disbarred in other jurisdictions and to preserve public respect and confidence in Florida’s judicial system. The Board correctly argues that these purposes are undermined by permitting lawyers who have been disbarred in other jurisdictions to practice in this state. Further, while our order disbarring Higgins may imply permission to apply for readmission after three years, it certainly does not provide that Higgins’ attempt to seek readmission is to be governed by the rules in effect at the time he was disbarred. Under Florida Bar re Kimball, 425 So.2d 531 (Fla.1982), then, Higgins is subject to the bar admission rules in effect at the time he seeks readmission. Therefore, we uphold the Board’s decision that rule 2-13.1 renders Higgins ineligible to apply for readmission so long as he is disbarred in New Jersey.
It is so ordered.
*488 HARDING, C.J., WELLS and PARIENTE, JJ„ and OVERTON, Senior Justice, concur.
ANSTEAD, J., dissents with an opinion, in which SHAW, J., concurs.

. It is unclear in Susser and Sickmen whether the disbarments in the other jurisdictions were permanent.

. Florida Bar re Sickmen, 523 So.2d 154 (Fla. 1988), is distinguishable from the instant case on the same basis.