PARIENTE, J.,
dissenting.
The issue raised by this case is whether there is any jurisdiction in which Webster should be allowed to petition for reinstatement and demonstrate his rehabilitation and fitness to practice law. The Florida Board of Bar Examiners considered the Republic of Palau as the “home state.” I dissent because under the circumstances of this case, Florida is the appropriate “jurisdictional authority” under Rule 2-13.1 of the Rules of the Supreme Court Relating to Admissions to the Bar.
Webster is currently disbarred in Florida, the District of Columbia, the Republic of Palau, and the Federated States of Micronesia, as more fully set forth in the majority opinion. The Board ceased processing Webster’s application for reinstatement “pending receipt of his unconditional readmission to the practice of law in the Republic of Palau.” The Board based this condition for reinstatement on its determination that “the Republic of Palau [was Webster’s] home state during his residency there” and “the Supreme Court of the *1065 Republic of Palau disbarred [Webster] for misconduct committed in that jurisdiction.” However, because Webster is ineligible to apply for readmission in Palau because he has been disbarred elsewhere, he is left without an avenue to seek readmission and attempt to establish rehabilitation.
The key to our analysis is to determine whether the Board correctly determined that the Republic of Palau was Webster’s “home state” or the “jurisdictional authority” that governs whether disbarred attorneys can seek admission in Florida pursuant to rule 2-13.1. Rule 2-13.1 precludes disbarred attorneys from seeking admission in Florida for a period of five years from the date of disbarment “or such longer period as is set for readmission by the jurisdictional authority. ”
My dispute is not with the wisdom of this rule and its application in the overwhelming majority of cases. In most cases, principles of comity and fairness dictate that we not readmit a lawyer in Florida when he or she would not be admitted in the other jurisdiction, when the State or jurisdiction where the misconduct occurred provides for a longer period of discipline, and where our disbarment or disciplinary action is based on that State or jurisdiction’s imposition of sanctions. Yet, several things are clear in this case that distinguish it from other cases where we upheld the dismissal of petitions. First, Florida was the first state where Webster’s misconduct resulted in disciplinary action.[7] I recognize that his misconduct in Palau, Micronesia, and the District of Columbia resulted from distinct omissions and misrepresentations, but those omissions and misrepresentations all related to his failure to disclose his disciplinary status in Florida. Second, this is not a case where Palau imposed a greater sanction than Florida. In this case, under the bar rules in Palau, Webster cannot gain readmission to the Bar of Palau if he is disbarred elsewhere.
While I understand that Webster’s predicament is of his own making, in my view, one jurisdiction must be the pertinent “jurisdictional authority” for purposes of the rule. Because in this case Florida was the state in which the original misconduct occurred and because Florida is the state with which Respondent has had the most contacts and in which he primarily practiced law, Florida should be considered the “jurisdictional authority.”
With regard to our prior cases, I completely agree with the policy rationale as expressed in Florida Board of Bar Examiners re Higgins, 772 So.2d 486, 487 (Fla.2000), and reaffirmed by the majority, that the rule was adopted “to prevent Florida from being a haven for attorneys disbarred in other jurisdictions and to preserve public respect and confidence in Florida’s judicial system.” Id. Cases such as Higgins, which involved permanent disbarment in New Jersey based on a conviction of a felony in federal court, and Florida Bar re Untracht, 923 So.2d 457 (Fla.2006), which involved permanent disbarment in New Jersey and a subsequent suspension in this State for two years, are perfect examples of the appropriate application of this rule.
The majority asserts that we have already rejected the argument that Florida is Respondent’s “home state,” in other words, the pertinent “jurisdictional authority” under rule 2-13.1, citing to Florida Bar v. Shapiro, 914 So.2d 956 (Fla.2005). Although this Court may have “followed the implicit logic of Untracht, Higgins, Eberhart, R.L.V.H., and Sanders ” in deciding Shapiro, that case does not involve *1066 a written opinion so I question how the majority relies on it to set forth a definition of “home state”: “the jurisdiction in which the attorney was practicing when the misconduct occurred, the situs of the misconduct that resulted in discipline, and the jurisdiction in which disciplinary proceedings were first initiated.” Majority op. at 1062. But if we are today officially adopting that definition of the pertinent “jurisdictional authority” under rule 2-13.1 and applying it to conclude that Palau is the “jurisdictional authority,” I believe we have strayed from the intent of the rule as envisioned by our opinion in Higgins of preventing disbarred attorneys from coming to Florida as a “haven for attorneys disbarred in other jurisdictions and to preserve public respect and confidence in [the] judicial system.”
In any event, in this case I would conclude that Florida and not Palau is the pertinent “jurisdictional authority.” Florida is the state where Webster was practicing when the original misconduct occurred, the situs of the misconduct that resulted in discipline, and the jurisdiction in which disciplinary proceedings were first initiated. Florida and not Palau is also the jurisdiction in which Webster has the most contacts and in which he has primarily practiced law. Although I certainly acknowledge that he committed additional acts of misconduct when he lied to gain admission to the Palau Bar, that does not exclude Florida as the logical jurisdiction where he should attempt to be readmitted as opposed to Palau. Further, it is clear that Palau will refuse to grant him readmission because he is disbarred in Florida.
In this case Webster submitted his application for readmission to The Florida Bar on December 22, 2004, after he had taken the Bar examination. A formal hearing had been set for December 2007, and discovery had been completed, when the Board advised Webster, on August 1, 2007, that they would cease processing his file and dismiss his application pending his readmission to the Bar of the Republic of Palau. I would give Webster a chance to demonstrate his character and fitness to be readmitted in Florida, which could include conditions that he meet certain criteria in the foreign jurisdictions.
Therefore, I would reverse the dismissal of the petition for reinstatement and allow Webster to proceed to a formal evidentiary hearing. It may very well be that he cannot demonstrate the stringent requirements for rehabilitation necessary for reinstatement or that the Board would find that his prior actions are individually and collectively disqualifying, but in my view he should be given that opportunity. Further, if rehabilitation is established, I would require that Webster establish that he will be able to be reinstated in the other jurisdictions as a condition of his being readmitted to practice.[8] In this case, however, Florida rather than Palau should take the lead as the pertinent “jurisdictional authority” under rule 2-13.1. Otherwise, by approving the dismissal of the petition for readmission, we are effectively permanently disbarring him, a result that I do not believe we intended by our rules.
WELLS, J, and ANSTEAD, Senior Justice, concur.

. The history of Webster's misdeeds is fully set forth in In re Webster, 661 A.2d 144 (D.C.1995), and this Court’s opinion disbarring him in Florida Bar v. Webster, 662 So.2d 1238 (Fla.1995).

. This would require that he demonstrate that the other jurisdictions would readmit him if he is readmitted in Florida.