HARDING, Justice.
This cause is before the Court on petition of the Massachusetts School of Law (MSL) for a waiver of the requirement that an applicant for admission to The Florida Bar must have received a Juris Doctor or a Bachelor of Laws degree from a law school approved or provisionally approved by the American Bar Association.[1] We have jurisdiction. Art. V, § 15, Fla. Const. For the *899 reasons expressed herein, we deny the petition.
The bar admissions rule at issue here requires that in order to be eligible to take The Florida Bar Examination and to ultimately be admitted into The Florida Bar, an applicant must have received a J.D. or an L.L.B. degree from an accredited law school. An accredited law school is one which has been fully or provisionally approved by the American Bar Association. Petitioner, MSL, has not yet received such full or provisional approval. Nevertheless, MSL argues that its educational program is substantially equivalent to ABA-aecredited laws schools and requests that this Court grant a limited waiver permitting MSL graduates who have passed the Massachusetts bar exam to be eligible to take the Florida Bar Examination.
This Court last addressed a similar request in Florida Board of Bar Examiners In re Hale, 433 So.2d 969 (Fla.1983). In Hale, after noting that we had granted only nine of the last fifty-five such requests, we denied the petition and announced that we would “no longer favorably consider petitions for waiver of [the accreditation requirement].” Id. at 972. While in that case we addressed an individual applicant’s request for a waiver of the ABA accreditation requirement, our reasoning is equally applicable to the present situation.
Like petitioner Hale, MSL here essentially asks this Court to evaluate non-accredited law schools on a case-by-case basis to determine whether the particular law school provides a legal education that is substantially equivalent to that from an ABA-accredited law school. However, as we stated in Hale, such an approach is “extremely difficult and would require an inordinate amount of money as well as our judicial time.” Id. at 971-72. Indeed, as other state supreme courts have noted, “[w]e have neither the time nor the expertise to investigate individually ... the program offered by specific law schools, and any attempt by us to do so would be inefficient and chaotic.” In re Hansen, 275 N.W.2d 790, 796 (Minn.1978), appeal dismissed, 441 U.S. 938, 99 S.Ct. 2154, 60 L.Ed.2d 1040 (1979).
In fulfilling our supervisory responsibility over bar admissions, we rely upon the ABA accreditation process as an “objective method of determining the quality of the educational environment of prospective attorneys.” LaBossiere v, Florida Bd. of Bar Exam’rs, 279 So.2d 288, 289 (Fla.1973). Although, as MSL has pointed out, the ABA’s accreditation process and standards have been the subject of criticism in recent years, we are confident that the ABA is best equipped to evaluate the quality of education received at the many law schools throughout the nation.[2] The process employed by the ABA is extensive and involves numerous detailed standards for law school organization and administration, the educational programs offered, the faculty, admissions, the library, and the actual physical facilities occupied by the school. Using these standards, law schools are inspected and, importantly, reinspected on an ongoing basis. Additionally, as a national organization, the ABA provides the benefit of a uniform process and uniform standards in accrediting law schools regardless of their geographical location. For these reasons, we reaffirm our policy, as stated in Hale, against granting waivers of the ABA accreditation requirement.
While this requirement may pose some hardship to MSL graduates and other graduates of non-accredited law schools, we find that it continues to be “in the best interest of the legal profession in our state.” Hale, 433 So.2d at 972. Further, our decision does not absolutely bar applicants from non-accredited law schools from gaining admission to The Florida Bar. An alternative method of qualification is provided in Rule 2-11.2.[3] This method is available to all gradu *900 ates of non-accredited law schools, including graduates of MSL. Accordingly, MSL’s petition requesting a waiver of the accreditation requirement is denied.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW and WELLS, JJ., and GRIMES, Senior Justice, concur.
ANSTEAD, J., concurs in result only.

. The Rules of the Supreme Court Relating to Admissions to the Bar were recently amended to change their configuration from seven articles to five rules. See Amendments to the Rules of the Supreme Court Relating to Admissions to the Bar, 695 So.2d 312 (Fla.1997). The requirement at issue here was previously found in Article III, section 1(a). It is now reflected in rules 2-11.1 and 4-13. These rules require that in order to be eligible to sit for the Florida Bar Examination and to be ultimately admitted into The Florida Bar,
an applicant must have received the degree of Bachelor of Laws or Doctor of Jurisprudence from an accredited law school (as defined in 4-13.2) at a time when the law school was accredited or within 12 months of accreditation or be found educationally qualified by the Board under the alternative method of educational qualification.
Fla. Bar Admiss. R. 2-11.1. Rule 4-13.2 defines an "accredited" law school as one which has been "approved or provisionally approved by the American Bar Association at the time of the applicant's graduation or if graduation is within 12 months of accreditation.”

. We note that, subsequent to a study performed by the’ Standards Review Committee, the ABA House of Delegates unanimously adopted new Standards for Approval of Law Schools and Interpretations at its Annual August 1996 meeting.

. Rule 2-11.2 provides:
For applicants not meeting the [ABA accreditation] qualification above, the following requirements shall be met: (1) evidence as the Board may require that the applicant was engaged in the practice of law in the District of Columbia or in other states of the United States of America, or in practice in federal courts of the *900 United States or its territories, possessions or protectorates for at least 10 years, and was in good standing at the bar of said jurisdictions in which the applicant practiced; and (2) a representative compilation of the work product in the .field of law showing the scope and character of the applicant's previous experience and practice at the bar, including samples of the quality of the applicant’s work, such as pleadings, briefs, legal memoranda, contracts or other working papers which the applicant considers illustrative of the applicant’s expertise and academic and legal training. The representative compilation of the work product shall be confined to the applicant’s most recent 10 years of practice and shall be complete and include all supplemental documents requested. In evaluating academic and legal scholarship the Board is clothed with broad discretion.