PER CURIAM.
Petitioner, Ellis Stewart Simring, asks this Court to review the decision of the Florida Board of Bar Examiners that he is ineligible to apply for readmission to The Florida Bar at this time. We have jurisdiction. Art. V, § 15, Fla. Const.
Due to multiple trust account violations and his repeated contempt of this Court’s emergency suspension order, Simring was disbarred in 1993, retroactive to January 14, 1991, the date of the emergency suspension order. See Florida Bar v. Simring, 612 So.2d 561 (Fla.1993). Based on his disbarment in Florida, he was subsequently disbarred in New York, effective February 7,1994.
In early 1999, Simring sought application. documents from the Board, but was advised by letter that, pursuant to Rule 2-13.1 of the Rules of the Supreme Court Relating to Admissions to the Bar, he was not eligible to apply for admission to The Florida Bar until he was eligible to apply for reinstatement in New York. New York rules provide that disbarred attorneys may not apply for reinstatement in the New York Bar until at least seven years from the effective date of the disbarment or *1112 removal. Therefore, the Board advised Simring that under rule 2-13.1, he would not be eligible to apply for readmission in Florida until February 7, 2001. On May 11, 1999, Simring filed a petition asking this Court to amend or waive rule 2-13.1 and to declare rule 2-27, requiring a $5000 application fee for disbarred attorneys, unconstitutional.
Rule 2-13.1, originally adopted in 1991 as article III, section 2(f) of the Rules of the Supreme Court Relating to Admissions to the Bar, provides:
A person who has been disbarred from the practice of law or has resigned pending disciplinary proceedings shall not be eligible to apply for a period of 5 years from the date of disbarment or 3 years from the date of resignation or such longer period as is set for readmission by the jurisdictional authority.
Simring was disbarred in Florida and then, based solely on the Florida disbarment, was disbarred in New York. It is undisputed that the New York disbarment was a reciprocal disbarment, and was based exclusively on the misconduct committed in Florida which caused the Florida disbarment. We conclude that it would be unfair to prevent Simring from applying for readmission in Florida simply because New York imposes a longer standard disbarment period than that imposed in Florida. To do so would effectively result in a harsher discipline than that which resulted from the final disciplinary proceedings in Florida. Cf. Florida Bar re Susser, 639 So.2d 30 (Fla.1994) (reinstating attorney and reasoning that where Florida suspension was a final adjudication of discipline regarding the misconduct in question, it would be unfair to effectively impose a harsher discipline based solely on disbarment in another jurisdiction); In Florida Bar re Sickmen, 523 So.2d 154 (Fla.1988) (reinstating attorney who had been suspended in Florida and subsequently disbarred in New York and reasoning that “the fact that another jurisdiction imposed a more severe sanction for the same misconduct does not justify our placing any greater burdens on the petitioner than those already imposed”). Upon issuance of this opinion, Simring shall be eligible to apply for readmission to The Florida Bar.
Simring also argues that the application fee required of disbarred attorneys seeking readmission is unconstitutional. We disagree. Because the fee requirement implicates neither a fundamental right nor a protected class, it will pass constitutional muster if it is rationally related to a legitimate state interest. Cf. In re Florida Board of Bar Examiners, 358 So.2d 7, 9 (Fla.1978) (citing Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957)). Although it is true that the ability to pay a $5000 application fee has no direct bearing on one’s actual fitness to practice law, the fee requirement is rationally related to another legitimate state interest—the state’s interest in investigating and verifying the present character and fitness to practice law of a formerly disbarred attorney. As the bar points out, the investigation process is costly. Further, it is only fair that the disbarred attorney, rather than members of the bar in good standing, bear this cost. Accordingly, we find that the fee requirement is constitutional.
In the alternative, Simring requests a waiver of the application fee. However, Simring bases his request only upon his bald assertions that he is unable to pay. He presents no supporting documentation or proof of his inability to pay the application fee or any factor that would justify a waiver. Accordingly, the request for a waiver is denied.
It is so ordered.
*1113 WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.