52 So.3d 652 (2010)
In re AMENDMENTS TO RULES OF THE SUPREME COURT RELATING TO ADMISSIONS TO THE BAR.
No. SC08-2296.
Supreme Court of Florida.
December 16, 2010.
J. Jeffry Wahlen, Chair, Michele A. Gavagni, Executive Director, and Thomas A. Pobjecky, General Counsel, Florida Board of Bar Examiners, Tallahassee, FL, for Petitioner.
John A. Weiss, Tallahassee, FL, Responding with comments.
PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Rules of the Supreme Court Relating to Admissions to the Bar (rules). We have jurisdiction. See art. V, § 15, Fla. Const. We amend the rules as set forth below.
The Florida Board of Bar Examiners (Board) proposes the adoption of four new rulesrule 1-12.1 (Deadlines on Weekend or Holiday); 2-13.35 (Application for Admission for Convicted Felon); 4-65.1 (Relating to Educational Qualifications); and 4-65.2 (Relating to Work Product Submission or Rules of Conduct). The Board proposes the amendment of rules 2-13.1 (Disbarred or Resigned Pending Disciplinary Proceedings); 2-13.2 (Suspension for Disciplinary Reasons); 2-13.25 (Satisfaction of Court-Ordered Restitution and Disciplinary Costs); 2-13.5 (Found Unqualified by Board); 2-14 (Reapplications for Admission); 2-29 (Stale File Fee); 3-14.1 (Filed as an Applicant); 3-14.2 (Filed as a Registrant); 3-22.5 (Board Action Following an Investigative Hearing); 3-23.6 (Board Action Following Formal Hearing); 4-22 (Part A); 4-41 (Application Requirements); 4-43.2 ($525); 4-44 (Deadline on Weekend or Holiday); 4-45 (Word Processing Accommodations); 4-46 (Examination Postponement); 4-47 (Reapplication after Postponement); 4-47.1($75); 4-47.2 ($150); 4-48 (Examination Reapplication); and 4-65 (Invalidation of Examination Scores).
*653 The Court published the proposed amendments for comment and received one comment concerning the proposed amendment to rule 2-13.1. We decline to adopt the Board's proposed amendments to rule 2-13.1 and adopt our own amendments to this rule. Further, we amend rule 2-13.25 as proposed and in conjunction with our modifications. We amend or adopt the remaining rules as proposed by the Board. We decline to adopt the proposed new rule 2-13.35 (Application for Admission of Convicted Felon) at this time.
The Board recommends that rule 2-13.1(Disbarred or Resigned Pending Discipline Proceedings) be amended to codify the decisions of the Court that require disbarred attorneys and attorneys who resigned pending disciplinary proceedings to be readmitted in their home states[1] before they are eligible to seek admission to The Florida Bar. See Fla. Bar re Sanders, 580 So.2d 594, 594 (Fla.1991) (holding that the Court would "not allow the practice of law in Florida of one disbarred in his home state"); Fla. Bd. of Bar Exam'rs re Higgins, 772 So.2d 486, 487 (Fla.2000) (approving the Board's decision that the Bar applicant was "ineligible to apply for readmission so long as he [was] disbarred in New Jersey"). Specifically, the Board proposed amending the rule to require that applicants be eligible for readmission in "each jurisdictional authority from which the person had been disbarred or had resigned" before they would be eligible for admission in Florida.
Attorney John Weiss, the sole commenter, objects to the proposed amendment on the basis that it would result in permanent disbarment of a Florida lawyer who is disbarred in Florida (but not permanently) for misconduct in Florida and who is then reciprocally disbarred in another jurisdiction where disbarment is always permanent, for example, Ohio or New Jersey. Weiss contends that the proposed amendment would, in effect, overrule the Court's decision in Florida Board of Bar Examiners re Simring, 802 So.2d 1111 (Fla.2000).
In Simring, an attorney who had been disbarred in Florida for misconduct committed in Florida was subsequently reciprocally disbarred in New York. After the requisite five-year ineligibility period in Florida had passed, he sought to apply for readmission in Florida. The Board advised him that he was ineligible to apply for readmission in Florida until he was also eligible to apply for readmission in New York. The New York period of ineligibility at that time was seven years. The attorney petitioned for review. This Court concluded that "it would be unfair to prevent Simring from applying for readmission in Florida simply because New York imposes a longer standard disbarment period than that imposed in Florida." Id. at 1112. We held that despite the New York period of ineligibility, Simring was eligible to apply for readmission at that time.
In its response to the comment, the Board agreed that if the proposed amendment were adopted by the Court, the applicable ruling in Simring would no longer be controlling.
In order to avoid this result and still achieve the stated purpose of the proposed amendment, we adopt a modified version as follows.
2-13.1 Disbarred or Resigned Pending Disciplinary Proceedings. A person who has been disbarred from the practice of law, or who has resigned pending disciplinary proceedings and whose resignation from *654 practice has been accepted by the Supreme Court of Florida, in proceedings based on conduct that occurred in Florida for the disbarment or resignation, will not be eligible to apply for readmission for a period of 5 years from the date of disbarment, or 3 years from the date of resignation, such other time as is set forth by any Florida rule of discipline, or such longer period as is set for readmission by the jurisdictional authority by the Supreme Court of Florida. If the person's disbarment or disciplinary resignation is based on conduct that occurred in a foreign jurisdiction, then the person will not be eligible to apply for admission or readmission to The Florida Bar until the person is readmitted in the foreign jurisdiction in which the conduct that resulted in discipline occurred. Readmission must occur in the foreign state in which the conduct occurred even if Florida imposed discipline prior to the imposition of discipline in the jurisdiction in which the conduct occurred and even if the person would otherwise be eligible for readmission under the terms of any Florida discipline.
Rule 2-13.2 (Suspension for Disciplinary Reasons), concerning out-of-state suspended attorneys seeking admission to The Florida Bar, is amended to require suspended attorneys in foreign jurisdictions to be reinstated in their home states in order to be eligible to seek admission to The Florida Bar.
We adopt the proposed amendments to rule 2-13.25 (Satisfaction of Court-Ordered Restitution and Disciplinary Costs), subject to our modifications. In the first sentence of the first paragraph, we delete the word "payment" and replace it with the words "satisfaction in full." The other amendments to this rule expand the kinds of restitution the applicant must satisfy to be eligible for admission to include restitution imposed in an underlying criminal case or restitution owed to a Bar-sponsored client's security fund for payments made by the fund to the attorney's clients as a result of the misconduct. We also delete the last sentence of the current rule, which provides: "Any request for relief from the terms of the order must be granted by the court that ordered the payment of restitution and disciplinary costs." Except upon a showing of exceptional circumstances, the requirement to satisfy legally imposed obligations for costs and restitution should not be waived as a prerequisite for admission.
We amend rules 2-13.5 (Found Unqualified by Board) and 2-14 (Reapplications for Admission) to clarify that a denial of admission can occur by the issuance of findings following a formal hearing or by a negotiated consent judgment authorized by rule 3-23.9. Rule 2-14 is further amended to replace the reference to a fingerprint card with language requiring the electronic submission of fingerprints to have these rules conform to rule 2-21, which requires an applicant or registrant to apply or register online. See Fla. Bd. of Bar Exam'rs re Amends. to Rules of the Supreme Court Relating to Admissions to the Bar, 967 So.2d 877 (Fla.2007) (amending rule 2-21 to require online registration or application).
We amend subdivision (d) of rule 3-23.6 (Board Action Following Formal Hearing) to authorize the Board to recommend permanent denial for "extremely grievous misconduct" and to clarify its meaning. In 2006, this Court ruled that a Bar applicant should be permanently barred from admission to The Florida Bar because of the "grievous nature of the misconduct" committed by the applicant. Fla. Bd. of Bar Exam'rs re W.F.H., 933 So.2d 482 (Fla.), *655 cert. denied, 549 U.S. 1020, 127 S.Ct. 561, 166 L.Ed.2d 411 (2006). Our amendment of this rule codifies the holding in W.F.H. The amendment also conforms the rule to The Florida Bar's companion provision for disbarment. Rule 3-5.1(f) of the Rules Regulating the Florida Bar provides that permanent disbarment shall preclude readmission.
We adopt new rules 4-65.1 (Relating to Educational Qualifications) and 4-65.2 (Relating to Work Product Submission or Rules of Conduct) to provide different penalties for those applicants who either falsify their work product in an attempt to be found educationally qualified or who cheat during the Florida Bar Examination and those applicants who, perhaps unwittingly, submit to the examination when not technically qualified to do so, for example, those who are a credit short of graduation. Thus, we delete the content of rule 4-65, which does not distinguish between these two groups, but keep the title and adopt new rules to address these two groups separately. Rules 4-65.1 and 4-65.2 establish different time periods for reapplying for each groupupon proof of satisfying all eligibility requirements for those who took the test when not qualified (rule 4-65.1) and after an ineligibility period of five years for those in the other group (rule 4-65.2).
The remaining amendments are housekeeping changes for stylistic purposes only, and we adopt them without modification or discussion.
Accordingly, we amend the Rules of the Supreme Court Relating to Admissions to the Bar as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. These amendments shall take effect immediately upon release of this opinion.
It is so ordered.
CANADY, C.J., and PARIENTE, QUINCE, LABARGA, and PERRY, JJ., concur.
LEWIS, J., concurs in part and dissents in part with an opinion, in which POLSTON, J., concurs.
LEWIS, J., concurring in part and dissenting in part.
Historically, this Court has endeavored to establish and apply the rules with regard to admission to The Florida Bar as objectively as possible. Cf. Fla. Bd. of Bar Exam'rs in re Barry Univ. Sch. of Law, 821 So.2d 1050, 1054-55 (Fla.2002); Fla. Bd. of Bar Exam'rs in re Mass. Sch. of Law, 705 So.2d 898, 899 (Fla.1998); Fla. Bd. of Bar Exam'rs in re Hale, 433 So.2d 969, 972-73 (Fla.1983); LaBossiere v. Fla. Bd. of Bar Exam'rs, 279 So.2d 288, 279 (Fla.1973). This tends to eliminate uncertainty and provides standards and guidelines that may be clearly understood and equally applied. The majority departs from that approach today and creates a standardless window for the readmission to The Florida Bar of wayward lawyers who have been found to have stolen from clients, convicted of crimes, and ordered to pay restitution. Buried on page five of the majority opinion, the Court amends and modifies an otherwise clear proposed rule with regard to the readmission of disbarred, suspended, and resigned pending discipline wayward lawyers, and adds a standardless window that can now only be defined through unnecessary litigation.
The Florida Board of Bar Examiners proposed a clear and objective rule with regard to criteria for proof of payment of restitution and disciplinary costs as a condition for eligibility to apply for readmission to The Florida Bar of wayward lawyers who had previously been disbarred, resigned pending disciplinary proceedings, *656 or who had been suspended. Under the proposed rule, wayward individuals in the disbarred, resigned, or suspended category would not be eligible to apply for readmission without proof of payment of previously assessed restitution and disciplinary costsa simple, clear, and wellinformed proposal that is supported by reason and common sense.
My experience on this Court informs that restitution is normally found in circumstances where lawyers have stolen from their clients in some manner. Stealing in the form of illegally draining trust accounts or taking money for unfulfilled promises of legal servicesstealing nonetheless. We have also seen lawyers who have accepted enormous amounts of cash contrary to the interests of clients and our rules of discipline be subject to orders to return the ill-gotten gain. We do not normally see an order of restitution with regard to a lawyer misconduct matter unless the lawyer has actually received an illicit benefit. These are not normally simple issues of malpractice or negligence, but involve intentional behavior designed to enrich the subject lawyer.
In a similar manner, I have never seen disciplinary costs assessed unless it has been determined with finality that the lawyer has violated our code of professional responsibility. The proposed rule is simple enough, if a lawyer is determined to have enriched himself or herself at the expense of a client, pay it back before seeking to be readmitted to The Florida Bar. If a lawyer is found to have violated our code of professional responsibility and the proceedings to determine that wrongful conduct have caused costs and expenses advanced from the dues of all memberspay the costs before seeking readmission. See Fla. Bar v. Gussow, 519 So.2d 603, 604 (Fla.1988); Fla. Bar v. Baker, 529 So.2d 1097, 1097 (Fla.1988); see also Fla. Bd. of Bar Exam'rs in re Simring, 802 So.2d 1111, 1112-13 (Fla.2000).
In the past, disciplined lawyers have proffered all types of excuses in attempting to delay and avoid repayment. We have also seen the involvement of the Clients' Security Fund produce unacceptable partial payment proposals based not on merit, but on issues of cash flow that a partial payment may assist but not in a manner necessarily equal to the gravity of the misconduct. Members of The Florida Bar would be surprised, and the typical Florida citizen would be outraged, if the requests and proposals we have seen were approved.
I suggest rules should be clear and objective to aid a process. Today, this Court unilaterally throws an "exceptional circumstances" blanket over the matter of restitution and disciplinary costs, an issue that deserves firm enforcement but now simply promises more unnecessary litigation for an area of lawyer regulation and bar readmission that once again undermines this profession and its reputation. Unfortunately, we will not know the true parameters of "exceptional circumstances" for years to come, but it is certain that the concept will be found in the "subjective eye of the beholder." I dissent with regard to the unilateral modification.
POLSTON, J., concurs.

APPENDIX
Rule 1. General
1-12.1 Deadlines on Weekend or Holiday. If a deadline described in these rules falls on a Saturday, Sunday, or holiday, then the deadline will be extended until the end of the next business day.
Rule 2. Application requirements
2-13.1 Disbarred or Resigned Pending Disciplinary Proceedings. A person *657 who has been disbarred from the practice of law, or who has resigned pending disciplinary proceedings and whose resignation from practice has been accepted by the Supreme Court of Florida, in proceedings based on conduct that occurred in Florida for the disbarment or resignation, will not be eligible to apply for readmission for a period of 5 years from the date of disbarment, or 3 years from the date of resignation, such other time as is set forth by any Florida rules of discipline, or such longer period as is set for readmission by the jurisdictional authority by the Supreme Court of Florida. If the person's disbarment or disciplinary resignation is based on conduct that occurred in a foreign jurisdiction, then the person will not be eligible to apply for admission or readmission to The Florida Bar until the person is readmitted in the foreign jurisdiction in which the conduct that resulted in discipline occurred. Readmission must occur in the foreign jurisdiction in which the conduct occurred even if Florida imposed discipline prior to the imposition of discipline in the other jurisdiction and even if the person would otherwise be eligible for readmission under the terms of any Florida discipline.
2-13.2 Suspension for Disciplinary Reasons. A person who has been suspended for disciplinary reasons from the practice of law in a foreign jurisdiction is not eligible to apply until expiration of the period of suspension. If the person's suspension occurred in the person's home state, then the person is not eligible to apply for admission to The Florida Bar until the person is reinstated to the practice of law in the person's home state.
2-13.25 Satisfaction of Court-Ordered Restitution and Disciplinary Costs. Except upon a showing of exceptional circumstances, a person who was disbarred, resigned with pending disciplinary proceedings, or was suspended in Florida or from a foreign jurisdiction will not be eligible to apply except on proof of paymentsatisfaction in full of any restitution and disciplinary costs imposed by a court in its order of disbarment, resignation, or suspension. Restitution consists of the following:
(a) restitution imposed by a court in its order of disbarment, resignation, or suspension;
(b) restitution ordered by a court in any underlying criminal case that resulted in the disbarment, resignation, or suspension; and
(c) restitution owed for the payment of any claims by the Clients' Security Fund in Florida or by a similar bar fund in a foreign jurisdiction. Any request for relief from the terms of the order must be granted by the court that ordered the payment of restitution and disciplinary costs.
Exceptional circumstances may be established by showing that the applicant has made diligent, good-faith efforts to satisfy the restitution and costs obligation and has demonstrated a consistent commitment to fully satisfy the obligation; the applicant has entered a payment plan which insures satisfaction in full as soon as practicable; and the payment plan is necessary to protect the interests of any person or entity entitled to payment.
2-13.5 Found Unqualified by Board. Any applicant or registrant, who was previously denied admission by the board by a negotiated consent judgment or through a "Findings of Fact and Conclusions of Law" that has not been reversed by the Supreme Court of Florida, may reapply for admission by filing a new Bar Application after 2 years or such other period as may be set in the consent judgment or the Findings. The applicant or registrant will *658 be eligible to take the General Bar Examination during the disqualification period.
2-14 Reapplications for Admission. Any applicant or registrant who was previously denied admission by the board by a negotiated consent judgment or through a "Findings of Fact and Conclusions of Law" that has not been reversed by the Supreme Court of Florida may reapply for admission by filing a new Bar Application after 2 years or such other period as may be set in the consent judgment or the Findings. The new application must be filed on the form available on the board's website with current references, a submission of fingerprints card in the format required by the board, any supplemental documents that the board may reasonably require, the applicable fee, and a detailed written statement describing the scope and character of the applicant's evidence of rehabilitation as required by rule 3-13. The statement must be sworn and may include corroborating evidence such as letters and affidavits. Thereafter, the board will determine at an investigative hearing, a formal hearing, or both, if the applicant's evidence of rehabilitation is clear and convincing and will make a recommendation as required by rule 3-23.6. In determining whether an applicant should appear before an investigative hearing panel, a formal hearing panel, or both, the board is clothed with broad discretion.
2-29 Stale File Fee. An applicant whose Bar Application has been on file for more than 3 years is required to file a new Bar Application on the form available on the board's website with current references, a submission of fingerprints card in the format required by the board, any supplemental documents that the board may reasonably require, and the applicable fee.
(a)-(b) [No Change]
Rule 3. Background investigation
3-14.1 Filed as an Applicant. Applicants are required to file complete and sworn Bar Applications. Transcripts required by this rule must be sent directly to the board from the educational institutions. The application will not be deemed complete until all of the following items have been received by the board:
(a)-(b) [No Change]
(c) an official transcript of academic credit from each law school attended including the law school certifying that the applicant has received the degree of bachelor of laws or doctor of jurisprudence, and an official transcript from each post-secondary institution attended subsequently, which must be sent directly from the institution;
(d) if the applicant received an undergraduate degree, then an official transcript from the institution attended that awarded the applicant an undergraduate degree, if the degree was awarded, which must be sent directly from the awarding institution;
(e)-(f) [No Change]
(g) supporting documents and other information as may be required in the forms available on the board's website, and other documents, including additional academic transcripts, as the board may, in addition, reasonably require.
3-14.2 Filed as a Registrant. A registrant is required to file a complete and sworn Registrant Bar Application. Transcripts required by this rule must be sent directly to the board from the educational institutions. The application will not be deemed complete until all of the following items have been received by the board:
(a) [No Change]
(b) if the applicant received an undergraduate degree, then an official transcript from the institution attended that awarded *659 the registrant an undergraduate degree, if the degree was awarded, which must be sent directly from the awarding institution; and
(c) supporting documents and other information as may be required in the forms available on the board's website, and other documents, including additional academic transcripts, as the board may, in addition, reasonably require.
3-22.5 Board Action Following an Investigative Hearing. After an investigative hearing, the board may make any of the following determinations:
(a) [No Change]
(b) The board will offer to the applicant or registrant a Consent Agreement in lieu of the filing of Specifications pertaining to drug, alcohol, or psychological problems and subject to the provisions of rule 5-15. In a Consent Agreement, the board is authorized to recommend to the court the admission of the applicant who has agreed to abide by specified terms and conditions on admission to The Florida Bar.
(c)-(d) [No Change]
3-23.6 Board Action Following Formal Hearing. Following the conclusion of a formal hearing, the board will promptly notify the applicant or registrant of its decision. The board may make any of the following recommendations:
(a)-(c) [No Change]
(d) The applicant or registrant has not established his or her qualifications as to character and fitness and that the applicant or registrant be denied admission to The Florida Bar. In cases of denial, aA 2-year disqualification period is presumed to be the minimum period of time required before an applicant or registrant may reapply for admission and establish rehabilitation. In a cases-involving significant mitigating circumstances, the board has the discretion to recommend that the applicant or registrant be allowed to reapply for admission within a specified period of less than 2 years. In a cases-involving significant aggravating factors (including but not limited to material omissions or misrepresentations in the application process), the board has the discretion to recommend that the applicant or registrant be disqualified from reapplying for admission for a specified period greater than 2 years, but not more than 5 years. In a case involving extremely grievous misconduct, the board has the discretion to recommend that the applicant or registrant be permanently prohibited from applying or reapplying for admission to The Florida Bar.
Rule 4. Bar examination
4-22 Part A. Part A will consist of 6 one hour segments. One segment will include the subject of Florida Rules of Civil and Criminal Procedure and the Florida Rules of Judicial Administration 2.330051, 2.420060, and 2.505160, and 2.515. The remaining 5 segments, each of which will include no more than 2 subjects, will be selected from the following subjects including their equitable aspects:
(a)-(m) [No Change]
4-41 Application Requirements. By the applicable filing deadline prescribed in rule 4-42 or the late filing deadline prescribed in rule 4-43, each applicant desiring to take the General Bar Examination for the first time must submit to the board either the complete Bar Application or, in the case of law student registrants, the Supplement to Registrant Bar Application, the appropriate applicant filing fee, a current 2" × 2" photograph of the applicant, and submission of fingerprints in the format required by the board. taken on a card provided by the board and certified by an authorized law enforcement officer. *660 By the same date, each applicant seeking reexamination must submit to the board a Reexamination Application as prescribed in rule 4-48. If the photograph furnished by the applicant with the Bar Application or the Supplement to Registrant Bar Application no longer is current, by such date the applicant also must submit to the board a current 2" × 2" photograph of the applicant.
4-43.2 $625. If the Bar Application, Supplement to Registrant Bar Application, or Reexamination Application, as applicable, is postmarked or received after December 15 but on or before January 15 for the February examination or after June 1 but on or before June 15 for the July examination, the fee is $625. No Bar Application, Supplement to Registrant Bar Application, Reexamination Application, appropriate applicant filing fee, 2" × 2" photograph, or submission of fingerprints card will be deemed to have met the late filing deadline if postmarked after January 15 for the February examination, or after June 15 for the July examination.
4-44 Filing Deadline on Weekend or Holiday. If the examination filing deadline falls on a Saturday, Sunday, or holiday, then the deadline will be extended until the end of the next business day.
4-4544 Computer Option. Applicants are permitted the use of a laptop computer with software designated by the board to complete answers to the essay portion of the General Bar Examination. Applicants seeking to use a laptop computer must complete a form available on the board's website and pay a fee of $125.
4-4645 Examination Postponement. Applicants seeking to postpone the taking of an individual part or the entire General Bar Examination must file a written request with the board. The applicable postponement fees based on the received date of the postponement request are set forth in rule 4-46 below. Applicants who fail to request a postponement or who untimely request a postponement received by the board after the commencement of the bar examination Postponement of taking an individual part or the entire General Bar Examination will be accommodated on receipt of written notice in advance of the General Bar Examination. The date of receipt of notice will define the applicable postponement fee due when refiling for a future examination. Any applicant who files an untimely postponement received after commencement of the General Bar Examination, and any applicant who has been issued a ticket to the examination and who fails to show for that bar examination must reapply under rule 4-4847 and pay the $375 reapplication fee.
4-4746 Reapplication after Postponement. Applicants seeking to reapply after postponing as indicated above will be permitted admission into another General Bar Examination on filing with the board the Reexamination Application on the form available on the board's website and receipt payment of the applicable postponement fee. In order tTo be timely filed, the completed application and appropriate fee must be postmarked or received by the examination filing deadline. If the Reexamination Application is not postmarked or received on or before the filing deadline or if filed incomplete, the appropriate examination late filing fee must be included. If requested by the board, an applicant will submit a current photograph. The fee payable with the Reexamination Application will be as follows:,
(a) If the board receives the applicant's written notice of postponement under rule 4-45 at least 7 days before the commencement of the administration of the postponed examination, the fee is $100.
*661 (b) If the board receives the applicant's written notice of postponement under rule 4-45 prior to but less than 7 days before the commencement of the administration of the postponed examination, the fee is $200.
4-47.1 $100. If the applicant's written notice of postponement under rule 4-46 is received by the board at least 7 days before the commencement of the administration of the postponed examination, the fee is $100.
4-47.2 $200. If the applicant's written notice of postponement under rule 4-46 is received by the board prior to but less than 7 days before the commencement of the administration of the postponed examination, the fee is $200.
4-4847 Examination Reapplication. Applicants not covered by rule 4-46 and seeking to reapply for repeat all or part of the General Bar Examination, or to take a second administration of the General Bar Examination, or those who untimely postponed or failed to show for a previous administration of the General Bar Examination, will be permitted admission into another General Bar Examination on filing a Reexamination Application on the form available on the board's website and payment of the reapplication fee of $450. In order tTo be timely filed, the completed Reexamination Application and fee must be postmarked or received by the examination filing deadline. If the Reexamination Application is not postmarked or received on or before the filing deadline or if filed incomplete, the appropriate examination late filing fee must be included. If requested by the board, an applicant will submit a current photograph.
4-65 Invalidation of Examination Scores. If an applicant is found by the Board after an investigation under rule 3-20 to be in violation of rule 4-13.1, to have made a material misstatement or omission under rule 4-13.4, or to have violated the examination administration rules of conduct in rule 4-51, the results of the Florida Bar Examination will be invalidated. The applicant will not be eligible to submit another work product (if in violation of rule 4-13.4) or submit to another examination for a period of 5 years from the date that the board delivered its adverse Findings or the period of time as may be set in the Findings.
4-65.1 Relating to Educational Qualifications. If an applicant is found by the board after an investigation under rule 3-20 to be in violation of rule 4-13.1, the results of the Florida Bar Examination will be invalidated. Once the results are invalidated and subsequent to providing evidence that all eligibility requirements have been met, the applicant will be permitted to resubmit to the General Bar Examination by filing a new application and the reapplication fee.
4-65.2 Relating to Work Product Submission or Rules of Conduct. If an applicant is found by the board after an investigation under rule 3-20 to have made a material misstatement or omission under rule 4-13.4, or to have violated the examination administration rules of conduct under rule 4-51, the results of the Florida Bar Examination will be invalidated. The applicant will not be eligible to submit another work product (if in violation of rule 4-13.4) or submit to another examination for a period of 5 years from the date that the board delivered its adverse Findings or the period of time set in the Findings.
NOTES
[1] The term "home state" refers to the jurisdiction in which the misconduct occurred. Fla. Bd. of Bar Exam'rs re: Webster, 3 So.3d 1058, 1061 (Fla.2009).