PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Rules of the Supreme Court Relating to Admissions to the Bar (rules). We have jurisdiction. See art. V, § 15, Fla. Const. We amend the rules as set forth below.
The Florida Board of Bar Examiners (Board) proposes the adoption of four new rules — rule 1-12.1 (Deadlines on Weekend or Holiday); 2-13.35 (Application for Admission for Convicted Felon); 4-65.1 (Relating to Educational Qualifications); and 4-65.2 (Relating to Work Product Submission or Rules of Conduct). The Board proposes the amendment of rules 2-13.1 (Disbarred or Resigned Pending Disciplinary Proceedings); 2-13.2 (Suspension for Disciplinary Reasons); 2-13.25 (Satisfaction of Court-Ordered Restitution and Disciplinary Costs); 2-13.5 (Found Unqualified by Board); 2-14 (Reapplications for Admission); 2-29 (Stale File Fee); 3-14.1 (Filed as an Applicant); 3-14.2 (Filed as a Registrant); 3-22.5 (Board Action Following an Investigative Hearing); 3-23.6 (Board Action Following Formal Hearing); 4-22 (Part A); 4-41 (Application Requirements); 4-43.2 ($525); 4-44 (Deadline on Weekend or Holiday); 4-45 (Word Processing Accommodations); 4-46 (Examination Postponement); 4-47 (Reapplication after Postponement); 4-47.1($75); 4-47.2 ($150); 4-48 (Examination Reapplication); and 4-65 (Invalidation of Examination Scores).
*653 The Court published the proposed amendments for comment and received one comment concerning the proposed amendment to rule 2-13.1. We decline to adopt the Board’s proposed amendments to rule 2-13.1 and adopt our own amendments to this rule. Further, we amend rule 2-13.25 as proposed and in conjunction with our modifications. We amend or adopt the remaining rules as proposed by the Board. We decline to adopt the proposed new rule 2-13.35 (Application for Admission of Convicted Felon) at this time.
The Board recommends that rule 2-13.1(Disbarred or Resigned Pending Discipline Proceedings) be amended to codify the decisions of the Court that require disbarred attorneys and attorneys who resigned pending disciplinary proceedings to be readmitted in their home states[1] before they are eligible to seek admission to The Florida Bar. See Fla. Bar re Sanders, 580 So.2d 594, 594 (Fla.1991) (holding that the Court would “not allow the practice of law in Florida of one disbarred in his home state”); Fla. Bd. of Bar Exam’rs re Higgins, 772 So.2d 486, 487 (Fla.2000) (approving the Board’s decision that the Bar applicant was “ineligible to apply for readmission so long as he [was] disbarred in New Jersey”). Specifically, the Board proposed amending the rule to require that applicants be eligible for readmission in “each jurisdictional authority from which the person had been disbarred or had resigned” before they would be eligible for admission in Florida.
Attorney John Weiss, the sole commenter, objects to the proposed amendment on the basis that it would result in permanent disbarment of a Florida lawyer who is disbarred in Florida (but not permanently) for misconduct in Florida and who is then reciprocally disbarred in another jurisdiction where disbarment is always permanent, for example, Ohio or New Jersey. Weiss contends that the proposed amendment would, in effect, overrule the Court’s decision in Florida Board of Bar Examiners re Simring, 802 So.2d 1111 (Fla.2000).
In Simring, an attorney who had been disbarred in Florida for misconduct committed in Florida was subsequently reciprocally disbarred in New York. After the requisite five-year ineligibility period in Florida had passed, he sought to apply for readmission in Florida. The Board advised him that he was ineligible to apply for readmission in Florida until he was also eligible to apply for readmission in New York. The New York period of ineligibility at that time was seven years. The attorney petitioned for review. This Court concluded that “it would be unfair to prevent Simring from applying for readmission in Florida simply because New York imposes a longer standard disbarment period than that imposed in Florida.” Id. at 1112. We held that despite the New York period of ineligibility, Simring was eligible to apply for readmission at that time.
In its response to the comment, the Board agreed that if the proposed amendment were adopted by the Court, the applicable ruling in Simring would no longer be controlling.
In order to avoid this result and still achieve the stated purpose of the proposed amendment, we adopt a modified version as follows.
2-13.1 Disbarred or Resigned Pending Disciplinary Proceedings. A person who has been disbarred from the practice of law, or who has resigned pending disciplinary proceedings and whose resignation from *654 practice has been accepted by the Supreme Court of Florida, in proceedings based on conduct that occurred in Florida for the disbarment or resignation, will not be eligible to apply for readmission for a period of 5 years from the date of disbarment, or 3 years from the date of resignation, such other time as is set forth by any Florida rule of discipline, or such longer period as4s-set for readmission by the jurisdictional authority by the Supreme Court of Florida. If the person’s disbarment or disciplinary resignation is based on conduct that occurred in a foreign jurisdiction, then the person will not be eligible to apply for admission or readmission to The Florida Bar until the person is readmitted in the foreign .jurisdiction in which the conduct that resulted in discipline occurred. Readmission must occur in the foreign state in which the conduct occurred even if Florida imposed discipline prior to the imposition of discipline in the jurisdiction in which the conduct occurred and even if the person would otherwise be eligible for readmission under the terms of any Florida discipline.
Rule 2-13.2 (Suspension for Disciplinary Reasons), concerning out-of-state suspended attorneys seeking admission to The Florida Bar, is amended to require suspended attorneys in foreign jurisdictions to be reinstated in their home states in order to be eligible to seek admission to The Florida Bar.
We adopt the proposed amendments to rule 2-13.25 (Satisfaction of Court-Ordered Restitution and Disciplinary Costs), subject to our modifications. In the first sentence of the first paragraph, we delete the word “payment” and replace it with the words “satisfaction in full.” The other amendments to this rule expand the kinds of restitution the applicant must satisfy to be eligible for admission to include restitution imposed in an underlying criminal case or restitution owed to a Bar-sponsored client’s security fund for payments made by the fund to the attorney’s clients as a result of the misconduct. We also delete the last sentence of the current rule, which provides: “Any request for relief from the terms of the order must be granted by the court that ordered the payment of restitution and disciplinary costs.” Except upon a showing of exceptional circumstances, the requirement to satisfy legally imposed obligations for costs and restitution should not be waived as a prerequisite for admission.
We amend rules 2-13.5 (Found Unqualified by Board) and 2-14 (Reapplications for Admission) to clarify that a denial of admission can occur by the issuance of findings following a formal hearing or by a negotiated consent judgment authorized by rule 3-23.9. Rule 2-14 is further amended to replace the reference to a fingerprint card with language requiring the electronic submission of fingerprints to have these rules conform to rule 2-21, which requires an applicant or registrant to apply or register online. See Fla. Bd. of Bar Exam’rs re Amends, to Rules of the Supreme Court Relating to Admissions to the Bar, 967 So.2d 877 (Fla.2007) (amending rule 2-21 to require online registration or application).
We amend subdivision (d) of rule 3-23.6 (Board Action Following Formal Hearing) to authorize the Board to recommend permanent denial for “extremely grievous misconduct” and to clarify its meaning. In 2006, this Court ruled that a Bar applicant should be permanently barred from admission to The Florida Bar because of the “grievous nature of the misconduct” committed by the applicant. Fla. Bd. of Bar Exam’rs re W.F.H., 933 So.2d 482 (Fla.), *655 cert. denied, 549 U.S. 1020, 127 S.Ct. 561, 166 L.Ed.2d 411 (2006). Our amendment of this rule codifies the holding in W.F.H. The amendment also conforms the rule to The Florida Bar’s companion provision for disbarment. Rule 3 — 5.1(f) of the Rules Regulating the Florida Bar provides that permanent disbarment shall preclude readmission.
We adopt new rules 4-65.1 (Relating to Educational Qualifications) and 4-65.2 (Relating to Work Product Submission or Rules of Conduct) to provide different penalties for those applicants who either falsify their work product in an attempt to be found educationally qualified or who cheat during the Florida Bar Examination and those applicants who, perhaps unwittingly, submit to the examination when not technically qualified to do so, for example, those who are a credit short of graduation. Thus, we delete the content of rule 4-65, which does not distinguish between these two groups, but keep the title and adopt new rules to address these two groups separately. Rules 4-65.1 and 4-65.2 establish different time periods for reapplying for each group — upon proof of satisfying all eligibility requirements for those who took the test when not qualified (rule 4-65.1) and after an ineligibility period of five years for those in the other group (rule 4-65.2).
The remaining amendments are housekeeping changes for stylistic purposes only, and we adopt them without modification or discussion.
Accordingly, we amend the Rules of the Supreme Court Relating to Admissions to the Bar as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. These amendments shall take effect immediately upon release of this opinion.
It is so ordered.
CANADY, C.J., and PARIENTE, QUINCE, LABARGA, and PERRY, JJ., concur.
LEWIS, J., concurs in part and dissents in part with an opinion, in which POLSTON, J., concurs.

. The term "home state” refers to the jurisdiction in which the misconduct occurred. Fla. Bd. of Bar Exam’rs re: Webster, 3 So.3d 1058, 1061 (Fla.2009).