LEWIS, J.,
concurring in part and dissenting in part.
Historically, this Court has endeavored to establish and apply the rules with regard to admission to The Florida Bar as objectively as possible. Cf. Fla. Bd. of Bar Exam’rs in re Barry Univ. Sch. of Law, 821 So.2d 1050, 1054-55 (Fla.2002); Fla. Bd. of Bar Exam’rs in re Mass. Sch. of Law, 705 So.2d 898, 899 (Fla.1998); Fla. Bd. of Bar Exam’rs in re Hale, 433 So.2d 969, 972-73 (Fla.1983); LaBossiere v. Fla. Bd. of Bar Exam’rs, 279 So.2d. 288, 279 (Fla.1973). This tends to eliminate uncertainty and provides standards and guidelines that may be clearly understood and equally applied. The majority departs from that approach today and creates a standardless window for the readmission to The Florida Bar of wayward lawyers who have been found to have stolen from clients, convicted of crimes, and ordered to pay restitution. Buried on page five of the majority opinion, the Court amends and modifies an otherwise clear proposed rule with regard to the readmission of disbarred, suspended, and resigned pending discipline wayward lawyers, and adds a standardless window that can now only be defined through unnecessary litigation.
The Florida Board of Bar Examiners proposed a clear and objective rule with regard to criteria for proof of payment of restitution and disciplinary costs as a condition for eligibility to apply for readmission to The Florida Bar of wayward lawyers who had previously been disbarred, resigned pending disciplinary proceedings, *656 or who had been suspended. Under the proposed rule, wayward individuals in the disbarred, resigned, or suspended category would not be eligible to apply for readmission without proof of payment of previously assessed restitution and disciplinary costs — a simple, clear, and well — informed proposal that is supported by reason and common sense.
My experience on this Court informs that restitution is normally found in circumstances where lawyers have stolen from their clients in some manner. Stealing in the form of illegally draining trust accounts or taking money for unfulfilled promises of legal services — stealing nonetheless. We have also seen lawyers who have accepted enormous amounts of cash contrary to the interests of clients and our rules of discipline be subject to orders to return the ill-gotten gain. We do not normally see an order of restitution with regard to a lawyer misconduct matter unless the lawyer has actually received an illicit benefit. These are not normally simple issues of malpractice or negligence, but involve intentional behavior designed to enrich the subject lawyer.
In a similar manner, I have never seen disciplinary costs assessed unless it has been determined with finality that the lawyer has violated our code of professional responsibility. The proposed rule is simple enough, if a lawyer is determined to have enriched himself or herself at the expense of a client, pay it back before seeking to be readmitted to The Florida Bar. If a lawyer is found to have violated our code of professional responsibility and the proceedings to determine that wrongful conduct have caused costs and expenses advanced from the dues of all members — pay the costs before seeking readmission. See Fla. Bar v. Gussow, 519 So.2d 603, 604 (Fla.1988); Fla. Bar v. Baker, 529 So.2d 1097, 1097 (Fla.1988); see also Fla. Bd. of Bar Exam’rs in re Simring, 802 So.2d 1111, 1112-13 (Fla.2000).
In the past, disciplined lawyers have proffered all types of excuses in attempting to delay and avoid repayment. We have also seen the involvement of the Clients’ Security Fund produce unacceptable partial payment proposals based not on merit, but on issues of cash flow that a partial payment may assist but not in a manner necessarily equal to the gravity of the misconduct. Members of The Florida Bar would be surprised, and the typical Florida citizen would be outraged, if the requests and proposals we have seen were approved.
I suggest rules should be clear and objective to aid a process. Today, this Court unilaterally throws an “exceptional circumstances” blanket over the matter of restitution and disciplinary costs, an issue that deserves firm enforcement but now simply promises more unnecessary litigation for an area of lawyer regulation and bar readmission that once again undermines this profession and its reputation. Unfortunately, we will not know the true parameters of “exceptional circumstances” for years to come, but it is certain that the concept will be found in the “subjective eye of the beholder.” I dissent with regard to the unilateral modification.
POLSTON, J., concurs.
APPENDIX
Rule 1. General
1-12.1 Deadlines on Weekend or Holiday. If a deadline described in these rules falls on a Saturday, Sunday, or holiday, then the deadline will be extended until the end of the next business day.
Rule 2. Application requirements
2-13.1 Disbarred or Resigned Pending Disciplinary Proceedings. A person *657 who has been disbarred from the practice of law, or who has resigned pending disciplinary proceedings and whose resignation from practice has been accepted by the Supreme Court of Florida, in proceedings based on conduct that occurred in Florida for the disbarment or resignation, will not be eligible to apply for readmission for a period of 5 years from the date of disbarment, or 3 years from the date of resignation, _such_otíiOTjime_asjsjetforüi_b^mr^ Florida rules of discipline, or such-longer period as — is-set for readmission — by- the jurisdictional authority by the Supreme Court of Florida. If the person’s disbarment or disciplinary resignation is based on conduct that occurred in a foreign jurisdiction, then the person will not be eligible to apply for admission or readmission to The Florida Bar until the person is readmitted in the foreign jurisdiction in which the conduct that resulted in discipline occurred. Readmission must occur in the foreign jurisdiction in which the conduct occurred even if Florida imposed discipline prior to the imposition of discipline in the other jurisdiction and even if the person would otherwise be eligible for readmission under the terms of any Florida discipline.
2-13.2 Suspension for Disciplinary Reasons. A person who has been suspended for disciplinary reasons from the practice of law in a foreign jurisdiction is not eligible to apply until expiration of the period of suspension. If the person’s suspension occurred in the person’s home state, then the person is not eligible to apply for admission to The Florida Bar until the person is reinstated to the practice of law in the person’s home state.
2-13.25 Satisfaction of Court-Ordered Restitution and Disciplinary Costs. Except upon a showing of exceptional circumstances, a person who was disbarred, resigned with pending disciplinary proceedings, or was suspended in Florida or from a foreign jurisdiction will not be eligible to apply except on proof of paymentsatisfaction in full of any restitution and disciplinary costs-imposed by a court in its order of disbarment-resignation, or ■ suspension. — Restitution consists of the following:
(a) restitution imposed by a court in its order of disbarment, resignation, or suspension;
(b) restitution ordered by a court in any underlying criminal case that resulted in the disbarment, resignation, or suspension; and
(c) restitution owed for the payment of any claims by the Clients’ Security Fund in Florida or by a similar bar fund in a foreign jurisdiction. Any request for relief from the terms of the order must be granted by the-court that ordered the payment of restitution and disciplinary-costs.
Exceptional circumstances may be established by showing that the applicant has made diligent, good-faith efforts to satisfy the restitution and costs obligation and has demonstrated a consistent commitment to fully satisfy the obligation; the applicant has entered a payment plan which insures satisfaction in full as soon as practicable; and the payment plan is necessary to protect the interests of any person or entity entitled to payment.
2-13.5 Found Unqualified by Board. Any applicant or registrant, who was previously denied admission by the board by a negotiated consent judgment or through a “Findings of Fact and Conclusions of Law” that has not been reversed by the Supreme Court of Florida, may reapply for admission by filing a new Bar Application after 2 years or such other period as may be set in the consent judgment or the Findings. The applicant or registrant will *658 be eligible to take the General Bar Examination during the disqualification period.
2-14 Reapplications for Admission. Any applicant or registrant who was previously denied admission by the board by a negotiated consent judgment or through a “Findings of Fact and Conclusions of Law” that has not been reversed by the Supreme Court of Florida may reapply for admission by filing a new Bar Application after 2 years or such other period as may be set in the consent .judgment or the Findings. The new application must be filed on the form available on the board’s website with current references, a submission of fingerprints card: in the format required by the board, any supplemental documents that the board may reasonably require, the applicable fee, and a detailed written statement describing the scope and character of the applicant’s evidence of rehabilitation as required by rule 3-13. The statement must be sworn and may include corroborating evidence such as letters and affidavits. Thereafter, the board will determine at an investigative hearing, a formal hearing, or both, if the applicant’s evidence of rehabilitation is clear and convincing and will make a recommendation as required by rule 3-23.6. In determining whether an applicant should appear before an investigative hearing panel, a formal hearing panel, or both, the board is clothed with broad discretion.
2-29 Stale File Fee. An applicant whose Bar Application has been on file for more than 3 years is required to file a new Bar Application on the form available on the board’s website with current references, a submission of fingerprints eaí4 in the format required by the board, any supplemental documents that the board may reasonably require, and the applicable fee.
(a)-(b) [No Change]
Rule 3. Background investigation
3-14.1 Filed as an Applicant. Applicants are required to file complete and sworn Bar Applications. Transcripts required by this rule must be sent directly to the board from the educational institutions. The application will not be deemed complete until all of the following items have been received by the board:
(a)-(b) [No Change]
(c) an official transcript of academic credit from each law school attended including the law school certifying that the applicant has received the degree of bachelor of laws or doctor of jurisprudencej-and-an official transcript-fr-em each ■ post-see-ondary- institution-attended subsequently? which-must be sent-direetly from the-institution;
(d) if the applicant received an undergraduate degree, then an official transcript from the institution attended that awarded the applicant- an undergraduate degree,-4f the degree was awarded, which must be sent directly from the awarding institution;
(e)-(f) [No Change]
(g) supporting documents and other information as may be required in the forms available on the board’s website, and other documents, including additional academic transcripts, as the board may, in additionT reasonably require.
3-14.2 Filed as a Registrant. A registrant is required to file a complete and sworn Registrant Bar Application. Transcripts required by this rule must be sent directly to the board from the educational institutions. The application will not be deemed complete until all of the following items have been received by the board:
(a) [No Change]
(b) if the applicant received an undergraduate degree, then an official transcript from the institution attended that awarded *659 the registrant an undergraduate degree,-# the^ degree was awarded,-which must be sent-directlyfrom the awarding-institution; and
(c) supporting documents and other information as may be required in the forms available on the board’s website, and other documents, including additional academic transcripts, as the board may, in addition, reasonably require.
3-22.5 Board Action Following an Investigative Hearing. After an investigative hearing, the board may make any of the following determinations:
(a) [No Change]
(b) The board will offer to the applicant or registrant a Consent Agreement in lieu of the filing of Specifications pertaining to drag, alcohol, or psychological problems and subject to the provisions of rule 5-15. In a Consent Agreement, the board is authorized to recommend to the court the admission of the applicant who has agreed to abide by specified terms and conditions on admission to The Florida Bar.
(c)-(d) [No Change]
3-23.6 Board Action Following Formal Hearing. Following the conclusion of a formal hearing, the board will promptly notify the applicant or registrant of its decision. The board may make any of the following recommendations:
(a)-(c) [No Change]
(d) The applicant or registrant has not established his or her qualifications as to character and fitness and that the applicant or registrant be denied admission to The Florida Bar. In cases-of denial, aA 2-year disqualification period is presumed to be the minimum period of time required before an applicant or registrant may reapply for admission and establish rehabilitation. In a cases-involving significant mitigating circumstances, the board has the discretion to recommend that the applicant or registrant be allowed to reapply for admission within a specified period of less than 2 years. In a cases-involving significant aggravating factors (including but not limited to material omissions or misrepresentations in the application process), the board has the discretion to recommend that the applicant or registrant be disqualified from reapplying for admission for a specified period greater than 2 years, but not more than 5 years. In a case involving extremely grievous misconduct, the board has the discretion to recommend that the applicant or registrant be permanently prohibited from applying or reapplying for admission to The Florida Bar.
Rule 4. Bar examination
4-22 Part A. Part A will consist of 6 one hour segments. One segment will include the subject of Florida Rules of Civil and Criminal Procedure and the Florida Rules of Judicial Administration 2.330051, 2.420060, and 2.505160, and 2,515. The remaining 5 segments, each of which will include no more than 2 subjects, will be selected from the following subjects including their equitable aspects:
(a)-(m) [No Change]
4-41 Application Requirements. By the applicable filing deadline prescribed in rule 4-42 or the late filing deadline prescribed in rule 4-43, each applicant desiring to take the General Bar Examination for the first time must submit to the board either the complete Bar Application or, in the case of law student registrants, the Supplement to Registrant Bar Application, the appropriate applicant filing fee, a current 2" x 2" photograph of the applicant, and submission of fingerprints in the format required by the board, taken-on a eard-provided by the board-and-certified by-an-authorized law-enforeement-officer.' *660 By the same date,- each applicant seeking reexamination-must submit to the-board a Reoxamination-4^pplication as prescribed in rule 4^18. — If the photograph furnished by the applicant with the Bar Application or the Supplement to Registrant Bar Application no longer is -current, by-such-date ■the applicant also -must submit to the board a-current 2--X-2" photograph of the applicant
4-43.2 $625. If the Bar Application, Supplement to Registrant Bar Application, or Reexamination Application, as applicable, is postmarked or received after December 15 but on or before January 15 for the February examination or after June 1 but on or before June 15 for the July examination, the fee is $625. No Bar Application, Supplement to Registrant Bar Application, Reexamination Application, appropriate applicant filing fee, 2" x 2" photograph, or submission of fingerprints card will be deemed to have met the late filing deadline if postmarked after January 15 for the February examination, or after June 15 for the July examination.
4-44 — Filing Deadline on Weekend or-Holiday, — If the -examination filing-deadline falls- on a Saturday, Sunday, or holiday, then the-deadline will be extended until -the end of the next business-day,
4-4544 Computer Option. Applicants are permitted the use of a laptop computer with software designated by the board to complete answers to the essay portion of the General Bar Examination. Applicants seeking to use a laptop computer must complete a form available on the board’s website and pay a fee of $125.
4-4645 Examination Postponement. Applicants seeking to postpone the taking of an individual part or the entire General Bar Examination must file a written request with the board. The applicable postponement fees based on the received date of the postponement request are set forth in rule 4-46 below. Applicants who fail to request a postponement or who untimely request a postponement received by the board after the commencement of the bar examination Postponement of taking-an-individual part.or — the ■ entire General-Bar Examination will~be accommodated on receipt of-written notice in advance -of — the General Bar.Examination. — The date-of receipt-ef notice-will define the applicable postponement fee due when refiling-for- a future examination. — Any-applicant who files an -untimely — postponement received after commencement of the General Bar Examination, and-any applicant who has been issued a ticket to the examination-and who-fails to show for that bar examination must reapply under rule 4-4847 and pay the $375 reapplication fee.
4-4746 Reapplication after Postponement. Applicants seeking to reapply after postponing as indicated above will be permitted admission into another General Bar Examination on filing with the board the Reexamination Application on the form available on the board’s website and receipt payment of the applicable postponement fee. In-order tTo be timely filed, the completed application and appropriate fee must be postmarked or received by the examination filing deadline. If the Reexamination Application is not postmarked or received on or before the filing deadline or if filed incomplete, the appropriate examination late filing fee must be included. Jf requested by the board, an applicant will submit a current photograph. The fee payable with the Reexamination Application will be as follows^,
(a) If the board receives the applicant’s written notice of postponement under rule 4-45 at least 7 days before the commencement of the administration of the postponed examination, the fee is $100.
*661 (b) If the board receives the applicant’s written notice of postponement under rule 4-45 prior to but less than 7 days before the commencement of the administration of the postponed examination, the fee is $200.
4-47.1 — $10Q.-If~the applicant’s-wrltten notice-of- postponement under rule 4-46 is received by the board at least 7 days before-the commeneement-of the administration of the postponed-examination — the fee ⅛ <tifin 2.0 IIjJLUu.
4-47.2 — $200. If the applicant’s-wrltten notice of postponement under rule-4-46 is received by the-board prior to but less than 7 days before the commencement of the administration of the postponed examination, the fee -is-$200.
4-4847 Examination Reapplication. Applicants not covered by rule 4-46 and seeking to reapply for repeat all or part of second administration-of the General Bar Examination, or those who untimely-postponed--or failed to — show for a previous administration-of-the-General Bar-Examination,- will be permitted admission into another General Bar Examination on filing a Reexamination Application on the form available on the board’s website and payment of the reapplication fee of $450. In order-tTo be timely filed, the completed Reexamination Application and fee must be postmarked or received by the examination filing deadline. If the Reexamination Application is not postmarked or received on or before the filing deadline or if filed incomplete, the appropriate examination late filing fee must be included. If requested by the board, an applicant will submit a current photograph.
4-65 Invalidation of Examination Scores. — If an-applicant is found-by the Board after an investigation under rule 3-20 to be in violation of rule 4 — 13.1, to have made a material misstatement or omission under rule 4-13.4,-or to have-violated the examination-administration rules of conduct in rale-4-51, the results of the Florida Bar Examination will- be invalidated. — The applicant-will not be eligible to submit another -work-product (if in.violation of rule 4-13.4) or submit to another examination for a period of 5 years-from the date that the hoard-delivered its adverse Findings or the period of time as-may be set in the Findings-
4-65.1 Relating to Educational Qualifications. If an applicant is found by the board after an investigation under rule 3-20 to be in violation of rule 4-13.1, the results of the Florida Bar Examination will be invalidated. Once the results are invalidated and subsequent to providing evidence that all eligibility requirements have been met, the applicant will be permitted to resubmit to the General Bar Examination by filing a new application and the reapplication fee.
4-65.2 Relating to Work Product Submission or Rules of Conduct. If an applicant is found by the board after an investigation under rule 3-20 to have made a material misstatement or omission under rule 4-13.4, or to have violated the examination administration rules of conduct under rule 4-51, the results of the Florida Bar Examination will be invalidated. The applicant will not be eligible to submit another work product (if in violation of rule 4-13.4) or submit to another examination for a period of 5 years from the date that the board delivered its adverse Findings or the period of time set in the Findings.